VAN DUSEN, Appellant,

v.

VAN DUSEN, Appellee.

[Cite as *Van Dusen v. Van Dusen*, 151 Ohio App.3d 494, 2003-Ohio-350.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–657.

Decided Jan. 28, 2003.

Gerrity & Burrier, Ltd., and Timothy D. Gerrity, for appellant.

Eugene R. Butler, for appellee.

---

TYACK, Judge.

{¶ 1} On March 19, 1985, Brian K. Van Dusen and Donna A. Van Dusen were married. A little over four months later, Kelly S. Van Dusen was born. Another child, Joshua B. Van Dusen, had been born April 29, 1983.

{¶ 2} In February 1994, Brian filed for divorce. A divorce decree was journalized in January 1995, with an effective date of September 27, 1994. Brian was adjudicated to be the natural parent of Joshua and, as a result, the decree indicated that two children were born issue of the marriage. The decree also journalized a shared parenting plan for the children.

{¶ 3} Brian and Donna continued to litigate after the divorce, usually over issues involving the allocation of parental rights and responsibilities. Brian was named the sole residential parent, but the children fled his home. Kelly told Brian at the time she fled that Brian was not her biological father. Donna later verified her daughter's claim.

{¶ 4} As a result of Kelly's claim, genetic testing was performed. The testing indicated that Brian was not in fact Kelly's biological father. Brian then filed a motion asking that he be declared not to be Kelly's father under the terms of R.C. 3119.96 et seq.

{¶ 5} Hearings were held before a magistrate and before a judge. The Attorney General of Ohio was given an opportunity to become involved because the constitutionality of R.C. 3119.96 et seq. was called into question. Ultimately, the trial court overruled Brian's motion.

{¶ 6} Brian has now appealed, assigning two errors for our consideration:

{¶ 7} "I. The trial court erred as a matter of law in finding R.C. § 3119.96 et seq. unconstitutional.

{¶ 8} "II. The trial court erred as a matter of law in finding that the appellant's failure to raise the issue of parenity [sic] as to Kelly I. Van Dusen at the time of filing his amended complaint for divorce constituted res judicata."

{¶ 9} At issue in the first assignment of error is the impact of Section 5(B), Article IV of the Ohio Constitution upon R.C. 3119.961 and 3119.967. Section 5(B) reads:

{¶ 10} "The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. Proposed rules shall be filed by the court, not later than the fifteenth day of January, with the clerk of each house of the

general assembly during a regular session thereof, and amendments to any such proposed rules may be so filed not later than the first day of May in that session. Such rules shall take effect on the following first day of July, unless prior to such day the general assembly adopts a concurrent resolution of disapproval. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect. * * *"

{¶ 11}   R.C. 3119.961 states:

{¶ 12}   "(A) Notwithstanding the provisions to the contrary in Civil Rule 60(B) and in accordance with this section, a person may file a motion for relief from a final judgment, court order, or administrative determination or order that determines that the person or a male minor referred to in division (B) of section 3109.19 of the Revised Code is the father of a child or from a child support order under which the person or male minor is the obligor. Except as otherwise provided in this section, the person shall file the motion in the division of the court of common pleas of the county in which the original judgment, court order, or child support order was made or issued or in the division of the court of common pleas of the county that has jurisdiction involving the administrative determination or order. If the determination of paternity is an acknowledgment of paternity that has become final under section 2151.232, 3111.25, or 3111.821 of the Revised Code or former section 3111.211 or 5101.314 of the Revised Code, the person shall file the motion in the juvenile court or other court with jurisdiction of the county in which the person or the child who is the subject of the acknowledgment resides."

{¶ 13}   R.C. 3119.967 reads:

{¶ 14}   "Except as otherwise provided in sections 3119.961 to 3119.967 of the Revised Code, a party is entitled to obtain relief under section 3119.962 of the Revised Code regardless of whether the judgment, order, or determination from which relief is sought was issued prior to, on, or after October 27, 2000."

{¶ 15}   The legislature, when it enacted R.C. 3119.961, clearly was on notice that it was attempting to dictate to the courts of this state what to do with paternity judgments rendered months, years or even decades earlier. The legislature also was on notice that the statute it was enacting was in conflict with Civ.R. 60(B) and the body of case law surrounding that Civil Rule. In short, notwithstanding the doctrine of the separation of powers which has helped our state and federal governments to function for over 200 years, the legislature wished to tell the courts how to address matters normally reserved for the courts to determine.

{¶ 16}   Such a disregard for the traditional powers of the other branches of government is especially egregious in the context of parenting and parentage

matters. The legislature has in effect ordered the courts to enter new judgments taking away the only father a child has ever known if a DNA test indicates that the father and child are not genetically linked. Such a legislative mandate overlooks how complex the parent-child relationship is. A person who has served as a parent for many years is still in many ways a parent to the child, no matter whose genes and chromosomes are involved. If this were not so, no adult could successfully adopt a child and raise the child to adulthood.

{¶ 17} The courts are in the best position to look out for the best interests of a child. The best interests are not automatically served by severing a parent-child relationship just because the parent and child were mistaken about their joint genetic heritage.

{¶ 18} In short, the legislature attempted to write a new Civ.R. 60(B) when it enacted R.C. 3119.961 and attempted to dictate the outcome of the litigation with R.C. 3119.96. The trial court correctly found the statutes unconstitutional. We affirm that finding.

{¶ 19} The first assignment of error is overruled.

{¶ 20} When the original divorce decree was journalized in 1995, Kelly Van Dusen was expressly found to be the child of Brian K. Van Dusen and Donna A. Van Dusen. Kelly's parentage was clearly a matter expressly decided by the trial court—to use the Latin phrase, res judicata.

{¶ 21} Once a fact has been adjudicated, the way to change that adjudication is through the use of Civ.R. 60(B). Eight years have now passed since that adjudication occurred. Kelly is now 17 years old. For many purposes, Kelly is and will remain Brian Van Dusen's child, no matter what a court says in the future.

{¶ 22} We do not wish to encourage domestic relations courts and juvenile courts to force the active litigation of the biological parentage in every divorce or parentage action. However, the parentage of a child is adjudicated at the time a divorce occurs. Once that adjudication has occurred, the principles of res judicata apply. In the context of this case, Kelly has been adjudicated to be Brian's child.

{¶ 23} The second assignment of error is overruled.

{¶ 24} Both assignments of error having been overruled, the judgment of the trial court is affirmed.

Judgment affirmed.

DESHLER and BROWN, JJ., concur.