POSKARBIEWICZ, Appellant,

v.

POSKARBIEWICZ, Appellee.

[Cite as *Poskarbiewicz v. Poskarbiewicz,* 152 Ohio App.3d 307, 2003-Ohio-1626.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–02–1272.

Decided March 31, 2003.

B. Janelle Butler Phifer, for appellant.

Patricia Hayden Kurt, for appellee.

LANZINGER, Judge.

{¶ 1} This appeal comes to us from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, ordering the termination of child support pursuant to R.C. 3119.961 and 3119.962. Because we conclude that the statutory scheme permitting the retroactive termination of child support to be unconstitutional, we reverse.

{¶ 2} This is the third time this case has been before this court on the issues of paternity and termination of child support. See *Poskarbiewicz v. Poskarbiewicz* (Nov. 17, 1978), Lucas App. No. L–78–079 (affirmed as to rulings on paternity and award of child support), and *Poskarbiewicz v. Poskarbiewicz* (Mar. 22, 2002), Lucas App. No. L–01–1305, 2002 WL 445058 (reversed as to the grant of Civ.R. 60[B] relief, but remanded for review under R.C. 3119.961 and 3119.962). Appellant, Terry Poskarbiewicz, and appellee, Victor Poskarbiewicz, were married March 1, 1975. The parties were divorced in 1978. Victor unsuccessfully contested paternity of a female child born during the marriage and was ordered to pay child support. He again contested paternity in 1994, but the court determined that the issue of paternity was res judicata.

{¶ 3} Victor filed a motion to terminate child support in March 2000 after obtaining new DNA evidence that showed a 0 percent possibility that he was the biological father. The trial court granted relief under Civ.R. 60(B)(4). We reversed that judgment and remanded for review pursuant to newly enacted R.C. 3119.961 and 3119.962. In that appeal, we could not review any arguments

regarding the new statutory scheme for review of child support orders and paternity, since the trial court had not yet considered these issues. On remand, the trial court granted Victor's motion pursuant to R.C. 3119.961 and 3119.962, ordering the elimination of any child support arrearage and the return of IRS intercepted funds.

{¶ 4} The mother now appeals from the July 2002 judgment, setting forth the following four assignments of error:

{¶ 5} "I. The court should interpret R.C. 3119.961, 3119.962 and 3119.967 so as to avoid equal protection constitutional challenges and remain consistent with longstanding policies of promoting the best interest of the child and finality of litigation.

{¶ 6} "II. Alternatively, if the trial court correctly interpreted R.C. 3119.962 and 3119.967, then these code sections are unconstitutional because their different treatment of women and men does not substantially relate to the promotion of important government interests.

{¶ 7} "III. R.C. 3119.961, 3119.962, and 3119.967 violate Article IV, Section 5(B) and Article II, Section 32 (separation of powers doctrine) of the Ohio Constitution.

{¶ 8} "IV. R.C. 3119.961, 3119.962, 3119.967 are substantively retroactive and thus unconstitutional under Article II, Section 28 of the Ohio Constitution."

I

{¶ 9} We will address the third assignment of error first, since it determines our disposition of this matter. Appellant asserts that R.C. 3119.961, 3119.962, and 3119.967 are unconstitutional violations of the separation of powers doctrine. We agree.

{¶ 10} Section 5(B), Article IV of the Ohio Constitution provides:

{¶ 11} "The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. Proposed rules shall be filed by the court, not later than the fifteenth day of January, with the clerk of each house of the general assembly during a regular session thereof, and amendments to any such proposed rules may be so filed not later than the first day of May in that session. Such rules shall take effect on the following first day of July, unless prior to such day the general assembly adopts a concurrent resolution of disapproval. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.   * * * "

{¶ 12} Consequently, the Ohio Rules of Civil Procedure, promulgated by the Ohio Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution, control "over subsequently enacted inconsistent statutes purporting to govern procedural matters." *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 611 N.E.2d 789, paragraph two of the syllabus.

{¶ 13} Effective as of January 25, 2002, R.C. 3119.961 states:

{¶ 14} "(A) *Notwithstanding the provisions to the contrary in Civil Rule 60(B)* and in accordance with this section, a person may file a motion for relief from a final judgment, court order, or administrative determination or order that determines that the person or a male minor referred to in division (B) of section 3109.19 of the Revised Code is the father of a child or from a child support order under which the person or male minor is the obligor. * * *" (Emphasis added.)

{¶ 15} R.C. 3119.692 and 3119.967 designate procedures to be followed by a court upon the filing of a motion pursuant to R.C. 3119.691. In our view, R.C. 3119.961, 3119.962, and 3119.967 permit a party to bypass Civ.R. 60(B) requirements and its long-established underlying policy of res judicata. By enacting these statutes, the legislature has overlooked the separation of powers ensured by Section 5(B), Article IV and has attempted to undermine the courts' powers to determine and oversee the best interests of children. While we are mindful of the occasional situation in which an individual may be ordered to pay support for a genetically unrelated child, the need for stability and repose in child support and paternity actions far outweighs the harm of disturbing long-standing court orders. We agree with the Tenth District Court of Appeals, which recently stated in *Van Dusen v. Van Dusen*, 151 Ohio App.3d 494, 2003-Ohio-350, 784 N.E.2d 750, at ¶ 15–17:

{¶ 16} "The legislature, when it enacted R.C. 3119.961, clearly was on notice that it was attempting to dictate to the courts of this state what to do with paternity judgments rendered months, years or even decades earlier. The legislature also was on notice that the statute it was enacting was in conflict with Civ.R. 60(B) and the body of case law surrounding that Civil Rule. In short, notwithstanding the doctrine of the separation of powers which has helped our state and federal governments to function for over 200 years, the legislature wished to tell the courts how to address matters normally reserved for the courts to determine.

{¶ 17} "Such a disregard for the traditional powers of the other branches of government is especially egregious in the context of parenting and parentage matters. The legislature has in effect ordered the courts to enter new judgments taking away the only father a child has ever known if a DNA test indicates that the father and child are not genetically linked. Such a legislative mandate overlooks how complex the parent-child relationship is. A person who has served

as a parent for many years is still in many ways a parent to the child, no matter whose genes and chromosomes are involved. If this were not so, no adult could successfully adopt a child and raise the child to adulthood.

{¶ 18} "The courts are in the best position to look out for the best interests of a child. The best interests are not automatically served by severing a parent-child relationship just because the parent and child were mistaken about their joint genetic heritage."

{¶ 19} In the instant case, a determination of paternity and the best interest of the child was made and enforced by the courts since the couple's divorce in 1978. Although Victor may not be genetically related to the child born during his marriage to Terry, a legal relationship was created that should not be disturbed more than twenty years later. As we previously noted, repose in the child support order is in the best interest of the child and society as a whole.

{¶ 20} We conclude that R.C. 3119.961, 3119.962, and 3119.967 violate Section 5(B), Article IV of the Ohio Constitution and are, therefore, unconstitutional. Accordingly, appellant's third assignment of error is well taken. In light of our disposition of appellant's third assignment of error, Assignments of Error Nos. I, II, and IV are rendered moot.

{¶ 21} The judgment of the Lucas County Court of Common Pleas is reversed, and this cause is remanded to the trial court to vacate its July 26, 2002 entry. Court costs are assessed to appellee.

Judgment reversed.

RICHARD W. KNEPPER and MARK L. PIETRYKOWSKI, JJ., concur.