BOGGS et al.; Cuyahoga County Child Support Enforcement Agency, Appellant,

v.

BRNJIC.

[Cite as *Boggs v. Brnjic*, 153 Ohio App.3d 399, 2003-Ohio-2318.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82058.

Decided May 8, 2003.

Patrick Lavelle, for plaintiff Lori Boggs.

Thomas E. Frye, for defendant Dominko Brnjic.

Timothy G. Spackman, Shay Gresham Howard and Brian M. McDonough, Cuyahoga County Assistant Prosecuting Attorneys, for appellant Cuyahoga County Child Support Enforcement Agency.

JAMES J. SWEENEY, Judge.

{¶ 1} Plaintiff-appellant, Cuyahoga County Child Support Enforcement Agency ("CSEA"), appeals from the judgment of the Cuyahoga County Common Pleas Court Juvenile Division that inter alia vacated a 1991 court order that had established a parent-child relationship and terminated current child support and arrears related thereto. For the reasons that follow, we reverse and remand.

{¶ 2} The record sets forth the following procedural and substantive facts: On December 19, 1990, Lori Boggs, M.M.B.,[1] and the Cuyahoga County Department of Human Services filed a complaint to establish paternity, wherein they alleged that defendant Dominko Brnjic was the natural father of M.M.B., the plaintiff-child. Brnjic failed to plead to or otherwise defend the action.

{¶ 3} Plaintiffs moved for a default judgment. The record establishes that Brnjic received a certified copy of the motion for default as evidenced by his signature on the return receipt dated July 3, 1991.

{¶ 4} After conducting a hearing, the referee recommended to grant the motion for default judgment and thereby establish a parent-child relationship between Brnjic and M.M.B. The referee further recommended that Brnjic pay for past care and an amount of child support. The court adopted the recommendations contained in the referee's report on January 7, 1992.

{¶ 5} Over nine years later, Brnjic filed a motion for genetic testing. That motion designates M.M.B. as a party plaintiff, along with Lori Boggs and CSEA. Plaintiff-appellant CSEA objected to the motion. Plaintiff Lori Boggs appeared at the hearing on the motion unrepresented and waived her right to representation. The court granted the motion for genetic testing. Thereafter, Brnjic moved to terminate child support and child support arrears on the alleged basis that genetic testing conclusively established that he is not the father of M.M.B. Again, M.M.B. was designated as a plaintiff along with Lori Boggs and CSEA.

---

1. The minor appellant is referred to herein by her initials in accordance with this court's established policy.

{¶ 6} While CSEA opposed Brnjic's motion to terminate child support and child support arrears, plaintiff Lori Boggs did not. Plaintiff Lori Boggs failed to appear at the hearing on the motion to terminate the parent-child relationship and motion to terminate child support and child support arrears despite notification of the hearing.

{¶ 7} The magistrate recommended that the court vacate the 1991 court order that established the parent-child relationship as of February 22, 2002, the date Brnjic filed genetic test results with the court. The magistrate recommended that the court hold Brnjic responsible for child support and child support arrears accrued up to that date due to his voluntary and deliberate disregard of the initial parentage proceedings, which caused the delay in finding nonpaternity. Brnjic objected to the magistrate's recommendation against relieving him of his obligation for child support arrears. Again, CSEA opposed the objections, but plaintiff Lori Boggs failed to respond in any fashion.

{¶ 8} The court sustained the objections and set the matter for preliminary hearing. Plaintiff Lori Boggs failed to appear for the scheduled hearing despite notification. The court continued the matter for an evidentiary hearing.

{¶ 9} Due to the mother's repeated failure to appear for scheduled hearings, CSEA moved the court to appoint a guardian ad litem for plaintiff M.M.B., a minor party to the action, who remained unrepresented by counsel. On October 15, 2002, the court held a hearing on the motion to terminate child support and child support arrears and CSEA's motion to appoint a guardian ad litem. According to the court's judgment entry, appointed counsel for the mother represented that she "withdr[ew] her claim to the current child support arrearage due her."[2]

{¶ 10} The court denied CSEA's motion to appoint a guardian ad litem based upon its finding that the child M.M.B. was "not a party." The court found "all current support arrearages [were] due to parties other than the child." The court granted Brnjic's motion to terminate the parent-child relationship and child support, effective January 10, 2002. The court also granted Brnjic's motion to relieve him of his obligation for child support arrears based on the mother's waiver of "her claim" to same through her court-appointed counsel. Plaintiff CSEA filed the instant appeal.[3]

---

2. The mother, Lori Boggs, did not appear but was noted as being "present * * * through the appearance of her counsel."

3. Brnjic has not filed a brief and has otherwise not participated in this appeal. Likewise, neither the plaintiff mother, Lori Boggs, nor the plaintiff child, M.M.B., has filed a brief or otherwise participated in this appeal.

{¶ 11} This is a case of first impression in this court, since legislation creating an avenue for persons to seek relief from paternity determinations took effect in March 2001. The General Assembly has enacted statutory provisions that allow persons to move for relief from paternity determinations. See, generally, R.C. 3119.961, 3119.962, and 3119.967. The legislation is retroactive through the provisions of R.C. 3119.967, which allow a party to seek relief from a paternity determination "regardless of whether the judgment, order, or determination from which relief is sought was issued prior to, on, or after October 27, 2000." If the court grants the requested relief, R.C. 3119.964 vests the court with discretion to issue an order canceling any child support arrears.

{¶ 12} Among other things, the statutory framework essentially allows a person to obtain relief from a final judgment rendered by a court of law in a former paternity action commenced pursuant to R.C. Chapter 3111. R.C. 3119.962(A)(2)(g). There is no established statute of limitations for pursuing such relief.[4]

{¶ 13} It was ostensibly through this statutory framework that Brnjic sought to terminate the 1992 judgment that established him as M.M.B.'s father.[5]

{¶ 14} There are no appellate briefs before this court other than appellant CSEA's brief, which assigns numerous errors for our review. We will address each error in the order presented and together where appropriate for discussion.

{¶ 15} "I. The trial court erred in denying the appellant's motion to appoint a Guardian Ad Litem and for not appointing counsel for the minor child on its own motion."

{¶ 16} R.C. 3111.07(A) provides:

{¶ 17} "* * * The child shall be made a party to the action unless a party shows good cause for not doing so. Separate counsel shall be appointed for the child if the court finds that the child's interests conflict with those of the mother."

{¶ 18} Also, Civ.R. 17(B) provides that "[w]hen a minor * * * is not otherwise represented in an action the court shall appoint a guardian ad litem or shall make such other order as it deems proper for the protection of such minor or incompetent person."

{¶ 19} In *Liptay v. Feruski* (Jan. 13, 1994), Cuyahoga App. No. 64557, 1994 WL 11323, this court held that "[p]ublic policy demands that we interpret the

---

4. Effective January 25, 2002, R.C. 3119.961 provides that such relief is available "[n]otwithstanding the provisions to the contrary in Civil Rule 60(B) * * *."

5. Brnjic initially moved the court for genetic testing pursuant to R.C. 3111.09 and subsequently to terminate child support and child support arrears.

[plaintiff child's] interests to be those which seek to establish a parent child relationship." In a more analogous case, the Tenth Appellate District observed that "[t]he courts are in the best position to look out for the best interests of a child. The best interests are not automatically served by severing a parent-child relationship just because the parent and child were mistaken about their joint genetic heritage." *Van Dusen v. Van Dusen*, 151 Ohio App.3d 494, 2003-Ohio-350, 784 N.E.2d 750, ¶ 17; accord *Poskarbiewicz v. Poskarbiewicz*, 152 Ohio App.3d 307, 2003-Ohio-1626, 787 N.E.2d 688, ¶ 19 (finding that "[a]lthough [adjudicated father] may not be genetically related to the child born during his marriag[e], a legal relationship was created that should not be disturbed more than twenty years later * * * repose in the child support order is in the best interest of the child and society as a whole").

{¶ 20} The record in this case reflects that M.M.B. is a party to the action. In addition, plaintiff Boggs, M.M.B.'s mother, failed to appear at a number of hearings concerning Brnjic's motion to terminate the established parent-child relationship. Although the court appointed counsel for plaintiff Boggs, she still failed to appear at the hearings. Nonetheless, through counsel, plaintiff Boggs waived her purported right to child support arrears, which ultimately resulted in the court's decision to issue an order canceling same. Based on the foregoing law, we find that M.M.B.'s interests with regard to the long-established parent-child relationship as well as the matter of child support conflict with the interests of her mother as exhibited in this record. Accordingly, it was incumbent upon the trial court to appoint separate counsel for the child. R.C. 3117.07; Civ.R. 17(B). The trial court erred when it failed to appoint separate counsel for the child, who is a party to this action. The first assignment of error is sustained.

{¶ 21} "II. The trial court materially prejudiced the appellant by vacating paternity pursuant to the doctrines of res judicata and estoppel as the order establishing the parent-child relationship was a final order.

{¶ 22} "III. The trial court failed to make an assessment of the best interests of the minor child in granting the appellee's motion for genetic testing eleven years after the parent-child relationship had been established, by denying the appellant's motion to appoint a Guardian Ad Litem for the minor child, by vacating paternity, and by accepting the mother's waiver of current support arrears.

{¶ 23} "V. Court action as applied to Revised Code 3119.961 et seq. violates the equal protection and due process clauses of the Ohio Constitution under Art. 2, Sec. 28 and the 14th Amendment to the United States Constitution in that such action treats illegitimate children, as a class, differently than legitimate children.

{¶ 24} "VI. Revised Code 3119.961 et seq. as enacted by the General Assembly, violates the separation of powers doctrine pursuant to Art. 4, Sec. 1 of the Ohio

State Constitution in that is usurps the power of the judiciary to manage the disposition of its own final orders."

{¶ 25} While CSEA raised each of these issues below, the court did not address these issues in rendering its judgment. We make note that in at least two other cases, the Tenth and Sixth Appellate Districts have found R.C. 3119.961, 3119.962, and 3119.967 unconstitutional. *Van Dusen v. Van Dusen,* 151 Ohio App.3d 494, 2003-Ohio-350, 784 N.E.2d 750, ¶ 18; *Poskarbiewicz v. Poskarbiewicz,* 152 Ohio App.3d 307, 2003-Ohio-1626, 787 N.E.2d 688, ¶ 15–20. In each of these cases, the courts held individuals to child support obligations despite DNA results proving that they were not the fathers. The outcome in each of those cases was driven not only by constitutional principles but also by an analysis of what is in the best interest of the child.

{¶ 26} In any event, we do not reach these issues on appeal, since our disposition of the first assignment of error will compel the trial court to address these issues on remand.

{¶ 27} "IV. The trial court lacked the authority to grant the appellee's original motion for genetic testing, as it was filed under Revised Code 3111.09, the statute to determine the parent-child relationship, not pursuant to the relief from judgment statute Revised Code 3119.962—that statute being one which does not grant authority for court-ordered genetic testing pursuant to statute or common law and applies only to a second genetic test not an initial one."

{¶ 28} Because CSEA did not raise an objection on this ground below, it may not be raised for the first time on appeal. Moreover, CSEA has waived any error in this regard, since it requested a genetic test of the parties on its own motion. Assignment of Error IV is overruled.

{¶ 29} For the foregoing reasons, the first assignment of error is sustained, and this matter is reversed and remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

KENNETH A. ROCCO, A.J., and TIMOTHY E. MCMONAGLE, J., concur.