DECISION
{¶ 1} Appellant, Michelle D. Blystone (n.k.a. Hager), appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which denied her Civ.R. 60(B) motion seeking relief from the 1999 agreed judgment entry of divorce between appellant and appellee, Joseph K. Blystone.
{¶ 2 The parties were married in 1989, and one child, Joshua A. Blystone, was born in May 1993. In his complaint for divorce filed in 1998, appellee alleged that Joshua was "born as issue of said marriage," and appellant's answer admitted as much. During the life of the marriage, and throughout the pendency of the divorce, neither party suggested that Joshua's paternity might be in question. As a part of the agreed judgment entry/decree of divorce, the parties submitted a memorandum of agreement in which they disposed of various issues involving custody, visitation and child support, and a joint shared parenting plan which, inter alia, made appellee the residential parent for school purposes; however, appellee became concerned that the arrangements were not in Joshua's best interest and, in April 2001, moved to terminate the shared parenting plan in favor of a plan awarding him custody. At that point, appellant obtained genetic testing indicating a zero percent probability that appellee is Joshua's biological father. On November 30, 2001, appellant filed her motion for relief from judgment and request for evidentiary hearing, pursuant to Civ.R. 60(B), in which she argued that the genetic test results justified relief from the judgment decree of divorce.
{¶ 3 In February 2003, the trial court denied the motion on the basis that genetic testing had been available to the parties at the time of the divorce, appellant was in the best position to know whether marital infidelity had taken place around the time of Joshua's conception but never revealed that Joshua might not be appellee's biological child, and appellant had agreed to the terms of the divorce without ever raising the question of paternity.
{¶ 4 Following this court's pronouncement in Van Dusen v. Van Dusen, 151 Ohio App.3d 494, 497, 2003-Ohio-350, that "parentage of a child is adjudicated at the time a divorce occurs" and "[o]nce that adjudication has occurred, the principles of res judicata apply," the trial court stated:
 The Court finds that at the time of the Court's Civ.R. 60(B) hearing, Joshua was nine (9) years old. Since the time of the parties' divorce, Plaintiff and Joshua have spent significant amounts of time together, due to the parties' parenting arrangement, and over the course of nine (9) years, the two have formed a considerable bond, which this Court will not break based solely on the bases of genetic testing and Defendant's desire to have sole custody. The Court finds that granting Defendant's motion at this time would not be in the best interests of Joshua. Further, in light of the recently decided case law and the facts presented to the Court, the Court finds that the paternity of Joshua Blystone was adjudicated at the time of the parties' divorce and Defendant is barred by the doctrine of res judicata from relitigating the issue of Joshua's paternity. Therefore, Defendant's motion is not well taken and is DENIED.
 {¶ 5 The trial court additionally ordered appellant to pay appellee's reasonable attorney fees and costs pursuant to R.C. 3119.966(A).
 {¶ 6} Appellant now assigns the following as error:
ASSIGNMENT OF ERROR I:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DETERMINING THAT DEFENDANT-APPELLEE WAS NOT ENTITLED TO RELIEF FROM THE JUNE 9, 1999 AGREED JUDGMENT ENTRY DECREE OF DIVORCE.
ASSIGNMENT OF ERROR II:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN CONCLUDING THAT DEFENDANT-APPELLANT OWED ATTORNEY FEES AND EXPENSES TO PLAINTIFF-APPELLEE WITHOUT HEARING EVIDENCE ON THE PLAINTIFF-APPELLEE'S TOTAL ATTORNEY FEES AND EXPENSES, WITHOUT APPLYING THE CORRECT LEGAL STANDARD, AND WITHOUT DETERMINING THE NATURE AND EXTENT OF FEES AND EXPENSES THAT WERE REASONABLE IN THE UNDERLYING MATTER BEFORE IT.
 {¶ 7} Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 8 To prevail upon a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, at syllabus.
{¶ 9 Appellant argues that the trial court abused its discretion in denying her Civ.R. 60(B) motion because the court relied upon inappropriate and irrelevant standards in concluding that the motion was not well-taken. According to appellant, Civ.R. 60(B)(5) clearly entitled her to relief because she demonstrated a meritorious claim; that the duty to raise paternity issues at the time of the divorce rested with both parties, rather than with her alone; and, in the context of the facts of this matter, the motion was timely.
{¶ 10 Civ.R. 60(B)(5), a catch-all provision which permits the court to exercise its "inherent power * * * to relieve a person from the unjust operation of a judgment," Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66, applies only when a more specific provision does not apply. Id.; Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. The grounds for invoking the rule must be substantial, and relief may be granted only in unusual or extraordinary circumstances. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 105. Review of a court's ruling on a Civ.R. 60(B) motion is subject to an abuse of discretion standard, and this court will reverse only upon a finding that the trial court's decision was unreasonable, unconscionable or arbitrary. Strack; Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
{¶ 11 In the case at bar, the trial court did not abuse its discretion in determining that appellant was not entitled to relief from judgment. The facts before the court indicate that appellant was aware at the time of conception, during the marriage, during the pendency of the divorce, at the time she entered into the shared parenting agreement and at the time of the agreed judgment decree of divorce that Joshua's paternity was questionable, a period that spanned some eight years. Yet appellant took no steps to ascertain Joshua's paternity until she was threatened with the possibility of the termination of the shared parenting agreement and the child support obligation such termination would entail. In the meantime, appellee treated Joshua as his own son, assumed responsibility for Joshua's care, and created a bond with the child which he does not wish to sever "just because the parent and child were mistaken about their joint genetic heritage." Van Dusen. Thus, appellant's Civ.R. 60(B) motion was not timely and the trial court reasonably denied it. Further, although the trial court may have applied the incorrect rationale for denying the motion, we will not reverse a correct judgment merely because erroneous reasons are given as the basis for the judgment. Myers v. Myers, 153 Ohio App.3d 243, 256,2003-Ohio-3552, citing State ex rel. Carter v. Schotten (1994),70 Ohio St.3d 89, 92. Thus, we overrule appellant's first assignment of error.
{¶ 12 Appellant's second assignment of error argues that the trial court erred in awarding appellee attorney fees. The trial court did so on the basis that R.C. 3119.966 permits the award of attorney fees in a case where relief from a child support order is denied pursuant to R.C.3119.962. Because this court, in Van Dusen, declared unconstitutional R.C. 3119.961, which allows the filing of a motion for relief from judgment on the basis of paternity, by extension R.C. 3119.966, which allows attorney fees where relief is denied under R.C. 3119.962, would also be unconstitutional. Likewise, there is no basis for an award of attorney fees merely because appellee was successful in defending against a Civ.R. 60(B) motion. Finding no legal basis upon which the trial court could have awarded attorney fees to appellee, we agree with appellant that this portion of the court's decision was in error. Thus, we sustain appellant's second assignment of error.
{¶ 13 Appellee filed a motion for dismissal as to the second assignment of error. Appellee's motion is denied for the reasons stated in our discussion of appellant's second assignment of error.
{¶ 14 Appellant's first assignment of error is overruled, appellant's second assignment of error is sustained, appellee's motion for partial dismissal of the appeal is denied, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part, reversed in part and remanded with instructions for the trial court to vacate that portion of the court's decision awarding attorney fees.
Judgment affirmed in part, reversed in part and remanded with instructions.