OPINION
{¶ 1} Tamara Palbas (Hittle) is appealing from the decision of the trial court overruling her motion to order genetic testing on her child, A. Hittle, born to her of her marriage to Rodney E. Hittle.
 {¶ 2} The facts of the matter and the rationale of the trial court in denying her motion are set forth in the following excerpts in the June 18, 2003, decision of the trial court:
 {¶ 3} "This matter comes before the Court from the Greene County Court of Common Pleas, Domestic Relations Division.
 {¶ 4} "On May 3, 2002, the Defendant [note: appellant herein] filed a Motion pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure and/or ORC 3119.961(A). The Defendant requested relief from the decree of divorce which adjudicated the Plaintiff the father of her son, A. Hittle, born November 14, 1996.
 {¶ 5} "During the parties' divorce and other subsequent court proceedings, the Defendant made several sworn statements naming the Plaintiff as the child's biological father. However, in her motion, the Defendant claimed that the Plaintiff is not the child's biological father. She asked the Court to order genetic testing on the child and the Plaintiff in order to determine paternity, and if the results show the Plaintiff is not the child's biological father, to award her custody of the child.
 {¶ 6} "On October 1, 2002, the Magistrate denied the request for genetic testing finding that it was not in the best interest of the child. The Magistrate's Decision was in agreement with the recommendations found in the Guardian Ad Litem's report. The Defendant objected on October 4, 2002 and filed a transcript of the proceedings on November 22, 2002. The Court has reviewed the transcript. The Defendant's objection is not well taken.
 {¶ 7} "The Defendant's motion relies on two different statutory provisions: Rule 60(B) of the Ohio Rules of Civil Procedure and 3119.961
of the Ohio Revised Code.
 {¶ 8} "ORC 3119.961(A) states in relevant part
 {¶ 9} "a person may file a motion for relief from a final judgment, court order, or administration determination or order that determines that the person or a male minor referred to in division (B) of section 3109.19 of the Revised Code is the father of a child or from a child support order under which the person or male minor is the obligor.
 {¶ 10} "In addition, ORC 3119.967 states that a court may grant the motion `regardless of whether the judgment, order or determination from which relief is sought was issued prior to, on or after October 27, 2000.' However, the 10th District found ORC 3119.961 and 3119.967 to be unconstitutional because the statutes circumvent the timing requirements of Rule 60(B).
 {¶ 11} "The court held that the legislature violated the separation of powers by writing procedural rules for the courts, when the Ohio Supreme Court is expressly charged with that duty." (Docket 109).
 {¶ 12} The trial court further found that the motion, if filed under Rule 60(B), is clearly out of time as being well beyond the one-year limitation. In addition, the trial court turned to the merits, as follows:
 {¶ 13} "In this case, the Court finds that it is not just to allow the Defendant relief from judgment under Rule 60(B)(5). The Defendant knew or should have known that the Plaintiff might not be [the child's] father before the final judgment. She made several sworn statements to the court regarding [the child's] paternity. She never raised the issue during the prior proceedings and should not be allowed to do so now.
 {¶ 14} "The Court also notes it is not in the best interests of the child to perform the genetic testing. The Guardian Ad Litem's report indicates that [the child] is extremely close to the Plaintiff and his new wife. They provide a stable home for the child. The Defendant has not provided care for [the child] on a continuing basis and there have been allegations of sexual abuse by the Defendant.
 {¶ 15} "Whereas, the Magistrate's Decision is Affirmed." (Docket 109).
 {¶ 16} The appellant brings us the following two assignments of error:
 {¶ 17} "1. The Trial Court Erred In Denying Appellant's Motion For Relief From Judgment Under Rule 60(b) Of The Ohio Rules Of Civil Procedure.
 {¶ 18} "2. The Trial Court Erred In Finding That The Relief From Paternity Statute, § 3119.96 Et Seq. Of The Ohio Revised Code, Is Unconstitutional."
 {¶ 19} The assignment of error number one is overruled on the clear fact that the 60(B) motion was filed well beyond the one-year limitation as set forth in the statute.
 {¶ 20} The assignment of error number two is also overruled as we agree with the Lucas County Court of Appeals and the Franklin County Court of Appeals that R.C. § 3119.96 et seq., which allows a motion for genetic testing to be filed at anytime after the one-year filing deadline of Rule 60(B), is unconstitutional. We agree with the reasoning of the Franklin County Court of Appeals, as follows:
 {¶ 21} "The legislature also was on notice that the statute it was enacting was in conflict with Civ.R. 60(B) and the body of case law surrounding that civil rule. In short, notwithstanding the doctrine of the separation of powers which has helped our state and federal governments to function for over 200 years, the legislature wished to tell the courts how to address matters normally reserved for the courts to determine. Such a disregard for the traditional powers of the other branches of government is especially egregious in the context of parenting and parentage matters. The legislature has in effect ordered the courts to enter new judgments taking away the only father a child has ever known if a DNA test indicates that the father and child are not genetically linked." Van Dusen v. Van Dusen, 151 Ohio App.3d 494,2003-Ohio-350, ¶ 15-16.
 {¶ 22} The Lucas County Court of Appeals agreed with the Tenth District that the statute is unconstitutional. Poskarbiewicz v.Poskarbiewicz, 152 Ohio App.3d 307, 2003-Ohio-1626. The second assignment of error is, therefore, also overruled.
 {¶ 23} We also agree with the trial court that on the merits it is not in the best interest of the child to perform the genetic testing. See the excerpt quoted from the trial court's opinion above. The following paragraph from the magistrate's report is also instructive on this issue:
 {¶ 24} "Based upon all of the information submitted to the Court and stipulations, the Magistrate finds no compelling or convincing reason to Order genetic testing in this case. The Defendant in this case is seeking to set aside the finding that the Plaintiff is the father of [the child]. The Magistrate notes that this case began as a Petition for Dissolution wherein the Petitioner Tamara Palbas at the time of the filing of this Dissolution signed the Petition for Dissolution indicating that [A.] Hittle was the child of the parties. In addition, she signed an Affidavit of Income and Expense and a Child Custody Affidavit which also contained information indicating that the father of the child was Rodney E. Hittle. On February 24, 1999, the Petitioner Tamara Palbas appeared in Court and acknowledged under oath that she and Rodney Hittle were the parents of [A.] Hittle. The Magistrate finds that the Defendant Tamara Palbas knew or should have known that there was a question about the paternity of the child and she failed to raise that issue. The Magistrate finds she is therefore prevented from raising that issue now. The Magistrate finds that it is not in the best interest of the minor child to order paternity testing or to permit the Defendant Tamara Hittle to question the paternity of the minor child." (Docket 98).
 {¶ 25} If there are any further doubts in the matter, we find the following excerpt from the report of the guardian ad litem (Docket 97) to be very helpful:
 {¶ 26} "Based upon my observations I feel that it would not be in the best interest of the child to perform genetic testing on both Mr. Hittle and [A.] Hittle in order to determine if Mr. Hittle is the biological father. This recommendation is based upon the fact that even if Mr. Hittle is not the biological father, the awarding of custody to Ms. Palbas would not be in the best interest of the child at this time. The child has been in the care and custody of Mr. Hittle since the parties' marriage ended in 1998. Ms. Palbas has not taken care of the child on a regular basis. As such, the child has developed a strong bond with Mr. Hittle and his current wife, Theresa Hittle. By all accounts, Mr. Hittle has provided a stable and structured environment for the child. The child has suffered emotionally and possibly physically through out [sic] the parties' legal battle. It is important that the child remain in a stable environment and continue to work with his psychologist on his emotional needs. At this time, Ms. Palbas has visitation only one day a week and that one day is supervised. By the parties' own admissions these visitations have not been going well. The child has shown stress associated from visiting with Ms. Palbas. It is my opinion that the change from supervised visitation to custody would not be in the best interest of the child at this time.
 {¶ 27} "Further, I am also concerned about Ms. Palbas raising the issue of paternity after five years. This shows a lapse of judgement on the part of Ms. Palbas in allowing her child to bond with someone other than the child's biological father. Even if such information revealed that Mr. Hittle is not the biological father, the child has bonded with Mr. Hittle and Mr. Hittle is the only person the child has known as his father. Such information at this point in time could cause potential emotional problems for the child.
 {¶ 28} "Based upon the foregoing, it is my opinion that the performance of genetic testing and potential awarding of custody to Ms. Palbas would be extremely unfortunate and detrimental to the child's best interest. Therefore, it is my recommendation to the Court that no genetic testing be performed to determine whether or not Mr. Hittle is the biological father of [A.] Hittle and that [A.] Hittle should remain the care and custody of Mr. Rodney E. Hittle and his current wife Theresa Hittle." (Docket 97).
 {¶ 29} Based upon all the foregoing, we affirm the judgment of the trial court.