OPINION
{¶ 1} William Jacques appeals from a judgment overruling his motion for genetic testing and for Civ.R. 60(B) relief. Donna White, formerly Donna Stacy Jacques, has not filed a brief in this court.
 {¶ 2} The parties were divorced December 5, 1990. The decree identified two children as issue of the marriage: K, born June 2, 1988, and H, born October 30, 1990. Mr. Jacques was ordered to pay child support for each child. On October 10, 2003, Mr. Jacques moved for genetic testing to determine whether he was H's biological father; on February 6, 2004, he moved for relief from judgment that he was H's father, pursuant to Civ.R. (B)(4)(5).
 {¶ 3} These motions, and other motions not germaine to this appeal, were heard by a magistrate March 30, 2004.
 {¶ 4} Mr. Jacques testified that he had doubts that he was H's father from the time she was born, but that his divorce lawyer told him to admit H was his child and "after the divorce . . . come back for a paternity test."
 {¶ 5} Donna White, H's mother, testified that Mr. Jacques was H's father, that she and Mr. Jacques, although separated in early 1990, continued to have sexual intercourse, and that she did not have sexual relations with other men after the parties' separation.
 {¶ 6} Mr. Jacques has had virtually no contact with the children since the divorce, does not desire to foster a relationship with either child, has paid no child support since 1996 when he lost his job, and only sought to question H's paternity when his driver's license was suspended for non-support.
 {¶ 7} The magistrate overruled the motion for genetic testing on the authority of Hittle v. Palbas, Greene App. No. 2003 CA 52, 2003-Ohio-5843, wherein we held — in agreement with the Tenth and Sixth appellate districts — that R.C. 3119.961 et seq., which authorize genetic testing, are unconstitutional as violative of the doctrine of separation of powers. The magistrate determined substantively that Mr. Jacques was not entitled to relief under Civ.R. 60(B)(4) or (5), and further determined that he had not moved for relief from judgment within a reasonable time.
 {¶ 8} Mr. Jacques filed objections which the trial court overruled, after which it adopted the magistrate's decision and order as though "fully written herein" and entered orders accordingly.
 {¶ 9} On appeal, Mr. Jacques presents two assignments of error.
 {¶ 10} "1. THE TRIAL COURT ERRED IN DENYING APPELLANT PATERNITY/GENETIC TESTING."
 {¶ 11} The trial court determined that it was bound byHittle v. Palbas to deny genetic testing. Mr. Jacques contends that we should not be constrained in this case by Hittle
because Hittle, and the cases it follows — Van Dusen v. VanDusen, 151 Ohio App.3d 494, 2003-Ohio-350 and Poskarbiewicz v.Poskarbiewicz, 152 Ohio App.3d 307, 2003-Ohio-1626 — were "driven not only by constitutional principles but also by an analysis of what is in the best interest of the child," citingBoggs v. Brnjic 153 Ohio App.3d 399, 2003-Ohio-2318.
 {¶ 12} Boggs expressly declined to address the constitutionality of R.C. 3119.961 et seq., Id., 404, and Mr. Jacques has not cited any Ohio case law authority to the effect that these statutes are constitutional.
 {¶ 13} Mr. Jacques correctly observes that his case is factually distinguishable from Van Dusen, Poskarbiewicz andHittle because he has never had a relationship with H and chooses not to establish a relationship now — i.e., the best interests of H are not implicated in whether he should continue to be her adjudicated father. However, this is not a basis for departure from these cases. The judicial determination that R.C.3119.961 et seq. violate the doctrine of separation of powers stands apart from, and independently of, the concern expressed in these cases for the best interest of the child, as the magistrate expressly observed. In other words, these statutes either violate the doctrine of separation of powers or they don't — regardless of the best interests of the child — and we remain convinced that they do.
 {¶ 14} The first assignment is overruled.
 {¶ 15} "2. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT RELIEF PURSUANT TO CIVIL RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE."
 {¶ 16} Mr. Jacques' argument in support of Civ.R. 60(B) relief is full of invective against the children's mother. His argument assumes he is not H's father and proceeds to accuse Mrs. White of duping him into thinking he was H's father and unconscionably accepting child support for H, all the while depriving him of visitation with his children.
 {¶ 17} Two things are clear about Mr. Jacques' appellate argument: (1) it has been lifted almost verbatim from his memorandum in support of his Civ.R. 60(B) motion for relief, which was filed before the hearing; (2) it ignores much of the testimony at the hearing.
 {¶ 18} Mrs. White testified that Mr. Jacques is H's father and — construing her testimony in Mr. Jacques' favor — does not recall ever telling him he was not. Mr. Jacques had no contact with the children after the divorce except during a brief period in the mid-nineties when the parties attempted a reconciliation. Before and after this period of attempted reconciliation, he made virtually no effort to effect visitation with the children and indicated at the hearing his preference to have no relationship with them. He has paid no child support since losing a job in 1996 although he is capable of doing odd jobs "to get by."
 {¶ 19} The magistrate rejected Civ.R. 60(B)(4) relief on the authority of Cuyahoga Support Enforcement Agency v. Guthrie
(1999), 84 Ohio St.3d 437, which quoted with approval the following from Knapp v. Knapp (1986), 24 Ohio St.3d 141:
 {¶ 20} "In Knapp, 24 Ohio St.3d 141, 24 OBR 362,493 N.E.2d 1353, paragraph one of the syllabus, we held that `[t]he `* * * it is no longer equitable * * *' clause of Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstance which they had no opportunity toforesee or control.' (Emphasis added.) In other words, Civ.R. 60(B)(4) was not meant to offer a party a means to negate a prior finding that the party could have reasonably prevented."
 {¶ 21} Mr. Jacques had argued that because he wasn't H's father, it was no longer equitable that he pay child support for her. The magistrate reasoned that if Mr. Jacques harbored doubts that he was H's father from the time H was born, he could have and should have taken steps at that time to confirm or allay his suspicions. We agree. Furthermore, we agree with the magistrate's determination that Mr. Jacques' Civ.R. 60(B) motion, filed more than thirteen years after the divorce was granted, was not filed within a reasonable time, which was an independent basis for denying relief. See Civ.R. 60(B).
 {¶ 22} In denying relief under Civ.R. 60(B)(5), the magistrate relied on Strack v. Pelton (1994),70 Ohio St.3d 172, 174: "Civ.R. 60(B)(5) applies only when a more specific provision does not apply." The magistrate observed that Mr. Jacques' grounds for relief were embraced by Civ.R. 60(B)(1) and (3) and, in his own motion, subsection (4). We agree that subsection (5) was not an available basis for relief, and, again, with the magistrate's further determination that the motion was not brought within a reasonable time.
 {¶ 23} The second assignment is overruled.
 {¶ 24} The judgment will be affirmed.
Grady, P.J. and Donovan, J., concur.