OPINION
{¶ 1} Appellant William Sloat appeals the January 20, 2006, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, denying his motion for termination of child support.
 {¶ 2} Appellee Geneva Greathouse has not filed a brief in the instant appeal. App.R. 18(C) states, in pertinent part, that:
 {¶ 3} "* * * If an appellee fails to file the appellee's brief within the time provided by this rule, * * * the [appellate] court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 STATEMENT OF THE FACTS AND CASE {¶ 4} The parties in this matter were married on August 19, 1990.
 {¶ 5} On July 22, 1991, Plaintiff-Appellee Geneva Sloat nka Greathouse filed a Complaint for Divorce. Certified mail service was made on Defendant-Appellant at 453 East Summit Street, Alliance, Ohio 44601
 {¶ 6} An Amended Complaint was filed August 20, 1991, stating that she was currently pregnant and that the child was due February 5, 1992.
 {¶ 7} On September 24, 1992, a Notice of Amended Service was filed stating that the copy of the Amended Complaint sent to the Alliance address was returned marked "moved, left no address." Such Notice further stated a copy of the Amended Complaint was then mailed to Defendant-Appellant at RD#1, P.O. Box 726, Windridge, PA, 15380 on September 23, 1991.
 {¶ 8} On December 12, 1991, a Motion for Genetic Testing was filed requesting that Defendant-Appellant submit to testing to determine paternity of Plaintiff-Appellee's unborn child.
 {¶ 9} On December 18, 1991, an Order was filed requiring Defendant-Appellant to undergo such testing for the purposes of establishing paternity.
 {¶ 10} Defendant-Appellant never filed an Answer to the Complaint for Divorce, nor did he respond to the motion for genetic testing or comply with the Order to submit to same.
 {¶ 11} The Divorce Decree in this matter was filed on February 21, 1992, wherein the trial court held that the minor child, Brendan Joseph Sloat, born January 20, 1992, was issue of the parties' marriage and ordering, inter alia, Defendant-Appellant to pay child support in the amount of $70.00 per month plus poundage.
 {¶ 12} On or about September 24, 2003, an Order to Obligor to Seek Employment was filed in the instant case. An attempt was made to serve Defendant-Appellant with such Order by certified mail at 6161 East Benson Highway, Tuscon, AZ 85706 but such was returned marked "unclaimed". A second attempt was made by regular mail but it too was returned, marked "attempted, not known".
 {¶ 13} On January 13, 2006, Defendant-Appellant sent a letter to the trial court stating that he never was served with a copy of the Amended Complaint for Divorce, that he never knew that Plaintiff-Appellee had alleged he was the father of the minor child nor did he know that he had ever been ordered to pay child support until he received a letter from the BMV stating that his driver's license had been suspended for his default of a support order. Defendant-Appellant stated that he underwent genetic testing which determined that his probability of paternity was 0%. He attached the DNA Parentage Test Report, dated January 9, 2006, to his letter. Defendant-Appellant moved the trial court to terminate the child support and remove his name from the child's birth certificate.
 {¶ 14} By Judgment Entry dated January 20, 2006, the trial court denied Appellant's motions. No findings or explanations were contained in such Judgment Entry.
 {¶ 15} It is from this denial that Appellant now appeals.
 {¶ 16} Appellant's brief does not contain separate arguments with respect to each assignment of error presented; therefore, it is not in compliance App. R. 16(A)(7), nor does it comply with the other provisions of App.R. 16, which requires the following:
 {¶ 17} "(A) Brief of the appellant
 {¶ 18} "The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
 {¶ 19} "(1) A table of contents, with page references.
 {¶ 20} "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 {¶ 21} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 {¶ 22} "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 {¶ 23} "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 {¶ 24} "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 {¶ 25} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 {¶ 26} "(8) A conclusion briefly stating the precise relief sought."
 {¶ 27} Notwithstanding Appellant's lack of compliance with the Appellate Rules, we shall review appellant's arguments. Since appellant has failed to set forth a separate assignment of error as such, we cannot list such in seriatim fashion as we normally do. However, we shall review Appellant's argument as contained in his "brief".
 I. {¶ 28} Appellant argues that the trial court erred in denying his motion to terminate child support and to have his name removed from the minor child's birth certificate. We agree.
 {¶ 29} R.C. § 3119.961(A) allows a named biological father to file a motion for relief from the paternity finding. R.C. §3119.962 enumerates the grounds for relief. R.C. § 3119.967
expressly makes the statute retroactive.
 {¶ 30} R.C. § 3119.961 Motion for relief from final judgment,court order, or administrative determination
 {¶ 31} "(A) Notwithstanding the provisions to the contrary in Civil Rule 60(B) and in accordance with this section, a person may file a motion for relief from a final judgment, court order, or administrative determination or order that determines that the person or a male minor referred to in division (B) of section3109.19 of the Revised Code is the father of a child or from a child support order under which the person or male minor is the obligor. Except as otherwise provided in this section, the person shall file the motion in the division of the court of common pleas of the county in which the original judgment, court order, or child support order was made or issued or in the division of the court of common pleas of the county that has jurisdiction involving the administrative determination or order. If the determination of paternity is an acknowledgment of paternity that has become final under section 2151.232, 3111.25, or 3111.821 of the Revised Code or former section 3111.211 or 5101.314 of the Revised Code, the person shall file the motion in the juvenile court or other court with jurisdiction of the county in which the person or the child who is the subject of the acknowledgment resides.
 {¶ 32} "* * *"
 {¶ 33} R.C. § 3119.962 Relief from final judgment, courtorder, or administrative determination
 {¶ 34} "(A)(1) Upon the filing of a motion for relief under section 3119.961 of the Revised Code, a court shall grant relief from a final judgment, court order, or administrative determination or order that determines that a person or male minor is the father of a child or from a child support order under which a person or male minor is the obligor if all of the following apply:
 {¶ 35} "(a) The court receives genetic test results from a genetic test administered no more than six months prior to the filing of the motion for relief that finds that there is a zero per cent probability that the person or male minor is the father of the child.
 {¶ 36} "(b) The person or male minor has not adopted the child.
 {¶ 37} "(c) The child was not conceived as a result of artificial insemination in compliance with sections 3111.88 to3111.96 of the Revised Code.
 {¶ 38} "(2) A court shall not deny relief from a final judgment, court order, or administrative determination or order that determines that a person or male minor is the father of a child or from a child support order under which a person or male minor is the obligor solely because of the occurrence of any of the following acts if the person or male minor at the time of or prior to the occurrence of that act did not know that he was not the natural father of the child:
 {¶ 39} "(a) The person or male minor was required to support the child by a child support order.
 {¶ 40} "(b) The person or male minor validly signed the child's birth certificate as an informant as provided in section3705.09 of the Revised Code as that section existed prior to January 1, 1998.
 {¶ 41} "(c) The person or male minor was named in an acknowledgment of paternity of the child that a court entered upon its journal pursuant to former section 2105.18 of the Revised Code.
 {¶ 42} "(d) The person or male minor was named in an acknowledgment of paternity of the child that has become final under section 2151.232, 3111.25, or 3111.821 of the Revised Code or former section 3111.211 or 5101.314 of the Revised Code.
 {¶ 43} "(e) The person or male minor was presumed to be the natural father of the child under any of the circumstances listed in section 3111.03 of the Revised Code.
 {¶ 44} "(f) The person or male minor was presumed to be the natural father of the child under any of the circumstances listed in:
 {¶ 45} "(i) Division (A)(3) of section 3111.03 of the Revised Code as that division existed prior to January 1, 1998;
 {¶ 46} "(ii) Division (A)(3) of section 3111.03 of the Revised Code as that division existed on and after January 1, 1998, and prior to the effective date of this amendment;
 {¶ 47} "(iii) Division (A)(5) of section 3111.03 of the Revised Code as that division existed prior to the effective date of this amendment.
 {¶ 48} "(g) The person or male minor was determined to be the father of the child in a parentage action under Chapter 3111. of the Revised Code.
 {¶ 49} "(h) The person or male minor otherwise admitted or acknowledged himself to be the child's natural father.
 {¶ 50} "(B) A court shall not grant relief from a final judgment, court order, or administrative determination or order that determines that a person or male minor is the father of a child or from a child support order under which a person or male minor is the obligor if the court determines, by a preponderance of the evidence, that the person or male minor knew that he was not the natural father of the child before any of the following:
 {¶ 51} "(1) Any act listed in divisions (A)(2)(a) to (d) and (A)(2)(f) of this section occurred.
 {¶ 52} "(2) The person or male minor was presumed to be the natural father of the child under any of the circumstances listed in divisions (A)(1) to (3) of section 3111.03 of the Revised Code.
 {¶ 53} "(3) The person or male minor otherwise admitted or acknowledged himself to be the child's father.
 {¶ 54} "(C) If the determination of paternity from which relief is sought is an acknowledgment of paternity that has become final under section 2151.232, 3111.25, or 3111.821 of the Revised Code or former section 3111.211 or 5101.314 of the Revised Code, and the court grants the motion for relief, it shall order the acknowledgment to be rescinded and destroyed and order the department of job and family services to remove all information relating to the acknowledgment from the birth registry.
 {¶ 55} R.C. § 3119.967 Relief under R.C. 3119.962
 {¶ 56} "Except as otherwise provided in sections 3119.961 to3119.967 of the Revised Code, a party is entitled to obtain relief under section 3119.962 of the Revised Code regardless of whether the judgment, order, or determination from which relief is sought was issued prior to, on, or after October 27, 2000."
 {¶ 57} Upon review of the record in the case sub judice, we find that Appellant's motion for termination should be treated as a Motion for Relief pursuant to R.C. § 3119.961 and § 3119.962. In considering such motion for relief, the trial court shall take into consideration that Appellant presented the court the genetic testing results which had been administered not more than six months prior to his motion for relief; that he has not adopted the child; and that there is no evidence that such child was conceived as a result of artificial insemination.
 {¶ 58} We therefore reverse the trial court's denial of Appellant's motion for termination and remand this matter back to the trial court for consideration of Appellant's motion under R.C. § 3119.961 and § 3119.962.
 {¶ 59} We should note that this Court is aware that at least two appellate courts, the Tenth and Sixth Appellate Districts, have found R.C. §§ 3119.961, 3119.962, and 3119.967
unconstitutional based on a violation of the separation of powers doctrine arguing that such statutes attempt to bypass the rule of Civil Procedure regarding finality of judgments and res judicata . Van Dusen v. Van Dusen, 151 Ohio App.3d 494, 2003-Ohio-350,784 N.E.2d 750, ¶ 18; Poskarbiewicz v. Poskarbiewicz,152 Ohio App.3d 307, 2003-Ohio-1626, 787 N.E.2d 688, ¶ 15-20.
 {¶ 60} We are not persuaded that such statutes conflict with the Civil Rules of Procedure from a separation of powers standpoint but such issue is not before us at this time.
 {¶ 61} In each of the above cases, the courts held individuals to child support obligations despite DNA results proving that they were not the fathers. The outcome in each of those cases was driven not only by constitutional principles but also by an analysis of what is in the best interest of the child, finding that it was in the best interest of the child to sever a relationship between the individual and the child. Such considerations are not applicable in the case at bar in that the child is now fourteen years old and it appears from the record that Appellant was not even cognizant of the child's existence until last year.
 {¶ 62} Appellant's assignment of error is sustained.
 {¶ 63} This judgment of the lower court is reversed and this matter is remanded for proceedings consistent with this opinion.
By: Boggins, J. Farmer, P.J and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is reversed and remanded. Costs assessed to appellee.