**SPRING, f.k.a. Bevard**

v.

**BEVARD.**

2003-Ohio-6297.]

Court of Common Pleas of Ohio,
Licking County,
Domestic Relations Division.

No. 95 DR 01129.

Decided Oct. 30, 2003.

Stephen E. Schaller, for plaintiff.

Robert E. Calesaric, for defendant.

RUSSELL A. STEINER, Judge.

{¶ 1} This matter came before the court upon plaintiff Kimberly A. Spring's motion to dismiss defendant Carl W. Bevard's motion filed on June 4, 2003.

{¶ 2} On June 4, 2003, the defendant filed a motion for relief from an order that found him to be the natural father of Cody William Bevard, born August 1, 1995.

{¶ 3} The case file reflects that the parties were married on August 3, 1994, and were divorced on September 24, 1996. That divorce decree provided that the defendant was the natural father of the child.

{¶ 4} The defendant now wishes to vacate that finding.

{¶ 5} The plaintiff has filed a motion to dismiss on the basis that R.C. 3119.96 et seq. are unconstitutional violations of the separation of powers.

{¶ 6} For the following reasons, the court denies plaintiff's motion.

{¶ 7} The plaintiff relied upon two separate court of appeals decisions: *Van Dusen v. Van Dusen*, 151 Ohio App.3d 494, 2003-Ohio-350, 784 N.E.2d 750; and *Poskarbiewicz v. Poskarbiewicz*, 152 Ohio App.3d 307, 2003-Ohio-1626, 787 N.E.2d 688.

{¶ 8} With all due respect given to both decisions, this court, not being bound by either decision, arrives at a different conclusion.

{¶ 9} Both appellate cases arrived at the determination that R.C. 3119.961 was a *procedural* statute enacted by the legislature, which infringed upon the constitutional powers afforded the judiciary branch, which has exclusive control over procedure efforts involving court cases.

{¶ 10} For a person to successfully challenge a statute, that person must show beyond a reasonable doubt that the statute is unconstitutional. *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59. While the plaintiff has presented two cases that are persuasive, the plaintiff has not met her burden.

{¶ 11} In order to find these statutes unconstitutional, one must also examine their legislative history.

{¶ 12} R.C. 3119.961 was originally codified as R.C. 3113.2111. R.C. 3113.2111 was created by the legislature in 2000 via amended H.B. No. 242. H.B. No. 242, as amended, was passed on April 11, 2000, and signed into law by the Governor on July 27, 2000.

{¶ 13} Section 1 of H.B. No. 242 contained the statutory language found in R.C. 3113.2111. Section 3 of the Act provided:

{¶ 14} "The General Assembly hereby declares that it is a person's or male minor's *substantive* right to obtain relief from a final judgment, court order, or administrative determination or order that determines that the person or male minor is the father of a child." (Emphasis added.)

{¶ 15} The same year following the passage of H.B. No. 242, S.B. No. 180 also was passed into law. S.B. No. 180 merely recodified R.C. 3113.211 into the group of statutes now found under R.C. 3119.96 et seq.

{¶ 16} The court finds that the mere recodification of R.C. 3113.211 does not destroy the legislative intent to create a substantive right. Therefore, based upon the legislative history of R.C. 3119.96 et seq., this court cannot find by proof beyond a reasonable doubt that the sections are unconstitutional.

{¶ 17} The plaintiff's motion is DENIED. This matter shall come on for further hearing to determine whether the defendant has complied with R.C. 3119.96 et seq. to warrant his request for relief.

Motion denied.