THE STATE EX REL. LOYD, APPELLANT, *v.* LOVELADY, APPELLEE.

[Cite as *State ex rel. Loyd v. Lovelady,*
**108 Ohio St.3d 86, 2006-Ohio-161.**]

(No. 2004–1465—Submitted June 14, 2005—Decided February 1, 2006.)

PFEIFER, J.

I

{¶ 1} In 1985, Willa Loyd gave birth to D.L. In November 1995, appellant, Cuyahoga Child Support Enforcement Agency, filed an action on behalf of Loyd and D.L. against appellee, Gregory Lovelady, to establish paternity. Upon Lovelady's failure to plead or enter an appearance, the court entered a default judgment in 1996 finding that Lovelady was D.L.'s father and ordering him to pay child support. More than seven years later, in February 2003, Lovelady filed a motion for relief from the 1996 order under R.C. 3119.961 et seq., asserting that recent DNA testing proved that he is not D.L.'s biological father.

{¶ 2} The trial court denied Lovelady's motion for relief, citing *Van Dusen v. Van Dusen,* 151 Ohio App.3d 494, 2003-Ohio-350, 784 N.E.2d 750, which held that R.C. 3119.961 et seq. violate the separation of powers by intruding upon the Supreme Court of Ohio's exclusive authority to regulate state court procedures.

{¶ 3} Lovelady appealed, and the court of appeals reversed and remanded the cause. The court of appeals held that R.C. 3119.961 et seq. do not violate the constitutional separation of powers, because those sections establish a substantive right, not a procedural right.

{¶ 4} The cause is before this court upon the acceptance of a discretionary appeal.

{¶ 5} The issue is whether the enactment of R.C. 3119.961 et seq. violates the separation of powers between the judicial and legislative branches. We conclude that R.C. 3119.961 et seq. are constitutional because they do not conflict with this court's exclusive authority to prescribe rules governing procedure in the courts of this state granted by Section 5(B), Article IV, Ohio Constitution.

II

{¶ 6} Section 5(B), Article IV of the Ohio Constitution states that the Supreme Court is vested with exclusive authority to "prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Pursuant to this constitutional authority, the court has adopted the Rules of Civil Procedure, which "prescribe the procedure to be followed in all courts of this state in the

exercise of civil jurisdiction." Civ.R. 1(A). Civ.R. 60(B) enables a party to request relief from a final judgment entered by a state court in limited circumstances and provides that a motion for such relief must be filed within a reasonable time. Motions based on mistake, newly discovered evidence, or fraud must be filed "not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B).

{¶ 7} In 2000, the General Assembly enacted R.C. 3119.961 et seq., effective March 22, 2001. 148 Ohio Laws, Part V, 10123. These statutes are expressly intended to operate "[n]otwithstanding the provisions to the contrary in Civil Rule 60(B)." R.C. 3119.961(A). R.C. 3119.962 provides:

{¶ 8} "Upon the filing of a motion for relief under section 3119.961 of the Revised Code, a court shall grant relief from * * * a child support order under which a person or male minor is the obligor if all of the following apply:

{¶ 9} "(a) The court receives genetic test results from a genetic test administered no more than six months prior to the filing of the motion for relief that finds that there is a zero per cent probability that the person or male minor is the father of the child.

{¶ 10} "(b) The person or male minor has not adopted the child.

{¶ 11} "(c) The child was not conceived as a result of artificial insemination in compliance with sections 3111.88 to 3111.96 of the Revised Code."

{¶ 12} Appellant argues that R.C. 3119.961(A) conflicts with Civ.R. 60(B) by expressly overriding the rule and that R.C. 3119.961 et seq. are therefore an intrusion on this court's authority granted under Section 5(B), Article IV.

## III

{¶ 13} "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus. See *Johns v. Univ. of Cincinnati Med. Assoc., Inc.*, 101 Ohio St.3d 234, 2004-Ohio-824, 804 N.E.2d 19, ¶ 34 (quoting *Dickman* ). "In interpreting a statute, a court's principal concern is the legislative intent in enacting the statute." *Carnes v. Kemp*, 104 Ohio St.3d 629, 2004-Ohio-7107, 821 N.E.2d 180, ¶ 16. Ordinarily, we "must first look at the words of the statute itself" to determine legislative intent. Id. If the legislature intended the enactment to be substantive, then no intrusion on this court's exclusive authority over procedural matters has occurred. In this case, it is not clear from the statute itself whether it was intended to be substantive or procedural.

{¶ 14} Fortunately, we have a clear and unambiguous statement from the General Assembly that is directly on point. The relevant portions of R.C. 3119.961 and 3119.962 are a composite of former R.C. 3113.2111(A), (B), and (C). See Am.Sub.H.B. No. 242, 148 Ohio Laws, Part I, 1819, effective October 27, 2000. Section 3 of H.B. No. 242, in enacting former R.C. 3113.2111, provided that "[t]he General Assembly hereby declares that it is a person's * * * substantive right to obtain relief from a final judgment, court order, or administrative determination or order that * * * requires the person * * * to pay child support for a child." R.C. 3119.961 et seq. were enacted to make it less likely that a person would be forced to support a child that is not his. Thus, although R.C. 3119.961 and 3119.962 are necessarily packaged in procedural wrapping, it is clear to us that the General Assembly intended to create a substantive right to address potential injustice. The recodification of R.C. 3113.2111 as R.C. 3119.961 et seq. does not alter the General Assembly's original intent to create a substantive right. See *Spring v. Bevard,* 126 Ohio Misc.2d 15, 2003-Ohio-6297, 800 N.E.2d 403, ¶ 16.

{¶ 15} Accordingly, we conclude that R.C. 3119.961 et seq. do not conflict with Civ.R. 60(B) in such a way as to violate the separation of powers required by Section 5(B), Article IV of the Ohio Constitution. Therefore, we affirm the judgment of the court of appeals and remand the cause to the trial court with instructions to determine whether Lovelady should be granted relief pursuant to R.C. 3119.962.

Judgment affirmed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Laura Gallagher, Kevin R. Filiatraut, and Timothy G. Spackman, Assistant Prosecuting Attorneys, for appellant.