SEGER, APPELLEE, *v.* FOR WOMEN, INC. ET AL., APPELLANTS.

**[Cite as *Seger v. For Women, Inc.*,
110 Ohio St.3d 451, 2006-Ohio-4855.]**

(No. 2005–0556—Submitted January 10, 2006—Decided October 4, 2006.)

———————

PFEIFER, J.

{¶ 1} The complaint in this case alleges that beginning in 2001, appellees, For Women, Inc., Deanna L. Parobeck, M.D., Nancy M. Wozniak, M.D., TriHealth, Inc., Good Samaritan Hospital of Cincinnati, and various unknown colleagues, agents, and employees (collectively, "For Women"), provided medical services, including a hysterectomy, to appellant, Lynn J. Seger. Seger alleges that during the hysterectomy, a suture was incorrectly placed, blocking her ureter, the tube that connects the kidneys to the urinary bladder. For Women sent Seger to a urologist, and additional surgeries were performed to correct the problem.

Seger alleges that despite the corrective measures, she still suffers from incontinence and pain in her kidney area, that she lacks strength, and that she is unable to lead a normal life.

{¶ 2} On March 27, 2003, Seger filed a complaint against For Women in the Hamilton County Court of Common Pleas. Even though Seger still did not know which of the two named doctors was responsible for the incorrectly placed suture, she filed her complaint because there were only two days left before the expiration of the limitations period under R.C. 2305.113(B)(1). Seger's counsel requested the clerk of courts to hold the complaint without serving it. The clerk stamped the cover of the complaint "Do Not Serve," with the notation "Per Atty" and the date, "3/28/03." There is a similar handwritten notation on the complaint, with Seger's counsel's signature appearing below it.

{¶ 3} The complaint remained in the clerk's office for over four months, awaiting counsel's request for service. Even though Seger's counsel had still been unable to identify the responsible doctor, on August 15, 2003, he requested service of the complaint. Service was made to all named defendants not later than August 25, 2003.

{¶ 4} In two separate motions, For Women moved to dismiss the complaint because service had not been demanded within the limitations period pursuant to R.C. 2305.17. The trial court granted the motions.

{¶ 5} Seger appealed, and the court of appeals reversed the judgment and remanded the cause. The court concluded that all defendants had been served pursuant to Civ.R. 3(A) and, therefore, that the action had been properly commenced.

{¶ 6} The cause is now before this court upon the acceptance of a discretionary appeal.

{¶ 7} In Ohio, "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * *." Civ.R. 3(A). This is in apparent conflict with R.C. 2305.17, which requires the filing of a praecipe with the complaint for an action to be considered "commenced." Civ.R. 3(A) does not require a praecipe to be filed. Because the Civil Rules govern procedure in Ohio, Seger did not need to comply with the praecipe requirement of R.C. 2305.17. *State ex rel. Loyd v. Lovelady,* 108 Ohio St.3d 86, 2006-Ohio-161, 840 N.E.2d 1062, ¶ 6 ("Section 5(B), Article IV of the Ohio Constitution states that the Supreme Court is vested with exclusive authority to 'prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.' Pursuant to this constitutional authority, the court has adopted the Rules of Civil

Procedure, which 'prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction.' Civ.R. 1(A)").

{¶ 8} While conceding that the praecipe requirement of R.C. 2305.17 has been superseded by the Civil Rules, For Women argues that service outside the limitations period is not timely. To the contrary, Civ.R. 3(A) plainly states that an action is commenced upon the filing of a complaint "if service is obtained within one year from" the filing of the complaint. See *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 550, 575 N.E.2d 801 ("One clear consequence of Civ.R. 3(A) is that it is not necessary to obtain service upon a defendant within the limitations period * * *").

{¶ 9} For Women also argues that Civ.R. 3(A) should be read in conjunction with Civ.R. 4(A), which requires the clerk of courts, upon the filing of a complaint, to issue a summons for service upon the defendant "forthwith." "Forthwith" means "[i]mmediately," "without delay," or "promptly." Black's Law Dictionary (8th Ed.2004) 680. The clerk did not comply with Civ.R. 4(A). Counsel for Seger wanted to delay service to have more time to identify the responsible doctor. We understand why counsel requested the clerk to hold the complaint without serving it. But the clerk was not required to comply with counsel's request, and should not have.

{¶ 10} The fact that the clerk has a "DO NOT SERVE" rubber stamp suggests that it is common practice in Hamilton County to serve complaints other than "forthwith." Though we cannot condone this general practice or the specific actions of the clerk in this case, this failure of the clerk is not grounds for dismissal of Seger's complaint. First, For Women was not prejudiced. Seger's action was timely commenced, and For Women received notice as prescribed by Civ.R. 3(A). Second, to hold otherwise would lead to a host of potential problems, including determining on a case-by-case basis whether the clerk ordered service "forthwith," and, if not, whether the delay was intentional or the result of negligence, and what the consequences of the delay should be. Our conclusion is unaffected by Seger's encouragement of the clerk to ignore the requirement of ordering service found in Civ.R. 4(A).

{¶ 11} We conclude, as did the court of appeals, that Seger commenced her action in compliance with Civ.R. 3(A). Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON and LANZINGER, JJ., concur.

O'CONNOR and O'DONNELL, JJ., concur separately.

O'CONNOR, J., concurring.

{¶ 12} I concur with the majority but write separately in order to emphasize two points. First, there is no showing that the appellants in this case suffered any prejudice due to the appellee's failure to cause the complaint to be served immediately. Appellee served a 180–day letter on appellants prior to the expiration of the statute of limitations, notifying them that a lawsuit would likely be forthcoming.

{¶ 13} Second, and more important, I write in admonishment of an apparent practice that disregards the mandates of the Civil Rules. The Rules of Civil Procedure and the Disciplinary Rules suggest that attorneys who request that a clerk suspend service of a complaint may violate ethical rules of conduct. Civ.R. 1(B) requires this court to construe the Rules of Civil Procedure in a manner that "effect[s] just results by eliminating delay * * * and all other impediments to the expeditious administration of justice." Civ.R. 4(A) mandates that "[u]pon the filing of the complaint the clerk shall *forthwith* issue a summons for service upon each defendant listed in the caption." (Emphasis added.) Black's Law Dictionary defines "forthwith" as "[i]mmediately; without delay." Black's Law Dictionary (8th Ed.2004) 680. The rule, therefore, explicitly requires the clerk to serve the complaint upon all listed defendants immediately and without delay, and gives the clerk no discretion to suspend that service. Although Civ.R. 4(A) further allows the plaintiff to request additional or separate summons at any time against any defendant, that allowance in no way affects the original duty of the clerk to serve the complaint immediately. Even apart from the admonition in Civ.R. 1(B) that the rules should be interpreted and applied in a manner to ensure expeditious litigation, the plain language of the rule requires prompt and immediate service.

{¶ 14} As noted by the majority, appellee's reliance on Civ.R. 3(A) is misplaced, as that rule only provides an additional year in which to accomplish service as a fail-safe for serving an elusive defendant. Read in conjunction with Civ.R. 1(B), this rule does not permit a plaintiff to suspend service for up to a year. Instead, it grants plaintiffs a window of opportunity in which to locate and serve an evasive defendant.

{¶ 15} Canon 7 of the Ohio Code of Professional Responsibility requires attorneys to represent clients "zealously within the bounds of the law." Prior to this court's decision in this matter, an attorney might arguably have sought to suspend service of a complaint without violating any Disciplinary Rules. In the wake of this decision, however, members of the bar should be on notice that an attorney may violate DR 7–102(A)(2) by requesting suspension of service because he would be knowingly encouraging action that is "unwarranted under existing law."

{¶ 16} Further, a clerk has no discretion in carrying out the duties of the office; he or she is merely an arm of the court he or she serves. *State ex rel. McKean v. Graves* (1914), 91 Ohio St. 23, 24, 109 N.E. 528. The Civil Rules do not allow a clerk to suspend service for up to a year, but rather require immediate service, and the clerk violates his duties by failing to attempt prompt service. The clerk does not have the authority to agree to service that is not "forthwith" as the rules require. If the clerk may not suspend service, an attorney may act unethically by requesting or encouraging the clerk to act in violation of the rules. See DR 1–102(A)(5) (prohibiting acts by attorneys that are prejudicial to the administration of justice).

{¶ 17} With these additional principles in mind, I respectfully concur.

MOYER, C.J., RESNICK, LUNDBERG STRATTON and LANZINGER, JJ., concur in the foregoing opinion.

_____

O'DONNELL, J., concurring.

{¶ 18} I concur with the majority but write separately to emphasize that Civ.R. 4(A) addresses the duty of the clerk of courts. "Upon the filing of the complaint *the clerk shall forthwith issue a summons for service* upon each defendant listed in the complaint." (Emphasis added.) While a clerk may wish to accommodate an attorney's request to delay service, the clerk has no such discretion.

{¶ 19} If members of the bar feel strongly about the need to delay service of complaints upon defendants, they may seek to change the rule by appropriate request to this court. The rule as presently drafted, however, does not vest discretion in the clerk of courts to afford attorneys or parties special consideration when issuing service. A clerk who does so violates the rule by failing to "forthwith" issue the summons for service upon the defendants listed in the complaint.

_____

Spraul, Veith & Doan Co., L.P.A., Daniel G. Spraul, and Holly Doan Spraul, for appellee.

Calderhead & Associates, David C. Calderhead, and Stephanie D. Franckewitz, for appellants For Women, Inc. and Deanna L. Parobeck, M.D.

Rendigs, Fry, Kiely & Dennis, L.L.P., and Felix J. Gora, for appellants Good Samaritan Hospital, TriHealth, Inc., and Nancy Wozniak, M.D.