DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Kevin Barnes, appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses.
 I. {¶ 2} Appellee, David Drew, provided legal representation to Appellant in a domestic relations matter. A hearing was held in the matter on July 6, 2004. The resulting judgment entry was issued on February 2, 2005. Appellant was dissatisfied with his representation. Sometime on or before March 29, 2005, Appellant discharged Appellee. On March 29, 2005, Appellant emailed Appellee to obtain his case file. *Page 2 
 {¶ 3} On February 1, 2006, Appellant filed a complaint alleging legal malpractice against Appellee. At the time he filed the complaint, Appellant instructed the Clerk of the Summit County Court of Common Pleas to refrain from serving the summons and complaint until he instructed them to do so. On June 8, 2006, a judge entered an order directing Appellant to serve a copy of the complaint on Appellee or "show good cause why he has not done so within 30 days" of the filing of the order. On June 14, 2006, Appellant directed the clerk to issue a summons and serve both the summons and complaint on Appellee. On June 23, 2006, Appellee accepted service of the summons and complaint.
 {¶ 4} On August 11, 2006, Appellee filed a motion for summary judgment, contending that Appellant did not "commence this action within the applicable statute of limitations" because R.C. 2305.17 provides that an action is not commenced until the plaintiff files a praecipe demanding that a summons issue. Appellee argued that, by instructing the clerk to refrain from issuing a summons, Appellant had not commenced his action within one year of the accrual of the action pursuant to R.C.2305.11. On August 25, 2006, Appellant filed a brief in opposition to Appellee's motion for summary judgment. The trial court granted Appellee's motion on September 20, 2006. Thereafter, on October 16, 2006, the trial court entered a nunc pro tunc order, correcting a typographical error. Appellant timely filed a notice of appeal, raising two assignments of error for our review. *Page 3 
 II. ASSIGNMENT OF ERROR I "IN GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT, THE TRIAL COURT ERRONEOUSLY CONCLUDED THAT THE PROVISIONS OF O.R.C. § 2305.17 APPLY IN SPITE OF CONFLICTING PROVISIONS FOUND IN CIVIL RULE 3(A) THAT DETERMINE WHEN A CIVIL ACTION IS `COMMENCED' UNDER OHIO LAW."
 {¶ 5} In Appellant's first assignment of error, he contends that the trial court erred in granting Appellee's motion for summary judgment. More specifically, he contends that the trial court erroneously concluded that R.C. 2305.17 applies in spite of the conflicting provisions found in Civ.R. 3(A). We agree.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. *Page 4 
The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} Pursuant to R.C. 2305.11, an action for legal malpractice must be commenced within one year after the cause of action accrued. This case involves the interplay between Civ.R. 3(A) and R.C. 2305.17. Civ.R. 3(A) provides, in part:
 "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]"
R.C. 2305.17 provides
 "An action is commenced * * * by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year."
 {¶ 9} In granting Appellee's summary judgment motion, the trial court found that the matter was not commenced within one year because Appellant "did *Page 5 
not instruct the Clerk of Court to make service on [Appellee] until June 14, 2006." Consequently, the court found that Appellant's action was barred by the one year statute of limitations.
 {¶ 10} Appellant contends that this case is controlled by the Ohio Supreme Court's recent decision in Seger v. For Women, Inc.,110 Ohio St.3d 451, 2006-Ohio-4855. We agree. Notably, Seger was issued on October 4, 2006 — a few weeks after the trial court issued its order granting summary judgment in favor of Appellee. In Seger, For Women, Inc. provided medical services, including a hysterectomy, to Seger. Seger alleged that during the hysterectomy, a suture was incorrectly placed, causing serious health problems. Seger filed a complaint against For Women, Inc. on March 27, 2003. However, at the time she filed the complaint, she still did not know which of the two named doctors was responsible for the incorrectly placed suture. She filed the complaint at this time because there were only two days left before the expiration of the statute of limitations period. Seger's counsel requested that the clerk of courts hold the complaint without serving it. The complaint remained at the clerk's office for over four months awaiting her counsel's request for service. On August 15, 2003, Seger's counsel requested service of the complaint. Service was made to all named defendants later that month.
 {¶ 11} For Women, Inc. moved to dismiss the complaint because service had not been demanded within the time limitations period. The trial court granted *Page 6 
the motion. The trial court's judgment was reversed on appeal. Upon review, the Ohio Supreme Court agreed with the court of appeals. The Court held that Civ.R. 3(A) conflicts with R.C. 2305.17 because Civ.R. 3(A) contains no requirement that a praecipe be filed. Id. at ¶ 7. The Court determined that Civ.R. 3(A) governs the process of determining the date on which a civil action is commenced as a matter of law. Id., citing Ohio Const., Art. IV, Sec. 5(B). "Because the Civil Rules govern procedure in Ohio, Seger did not need to comply with the praecipe requirement of R.C. 2305.17." Id., citing State ex rel. Loyd v.Lovelady, 108 Ohio St.3d 86, 2006-Ohio-161, at ¶ 6.
 {¶ 12} The Court found that a delay in a clerk's completion of service of a summons and complaint to a date beyond the end of an applicable limitations period does not mean that the plaintiff to a civil action has failed to "commence" his or her cause of action in a timely manner. Id., at ¶ 10. The Court explained that the action is timely commenced so long as service is accomplished within one year of the date the complaint was filed even if the delay in service was prompted by plaintiffs instruction or request to the Clerk to refrain from issuing a summons and complete service immediately. Id., at ¶ 8.
 {¶ 13} Here, Appellant accomplished service on June 23, 2006, which was within one year of the February 1, 2006 date on which the complaint was filed. We therefore find that the trial court erred in determining that Appellant's action was barred by the statute of limitations. While we do not condone Appellant's *Page 7 
actions in directing the clerk to refrain from completing service, such action is not prohibited pursuant to Seger. Seger, supra, at ¶ 10. We note that, post-Seger, an attorney who issues a praecipe directing the court to refrain from completing service might risk violating the Ohio Rules of Professional Conduct.[1] See Id., at ¶ 15 (O'Connor, J. concurring). In her concurrence, Justice O'Connor pointed out that
 "The Rules of Civil Procedure and the Disciplinary Rules suggest that attorneys who request that a clerk suspend service of a complaint may violate ethical rules of conduct. Civ.R. 1(B) requires this court to construe the Rules of Civil Procedure in a manner that `effect[s] just results by eliminating delay * * * and all other impediments to the expeditious administration of justice.' Civ.R. 4(A) mandates that `[u]pon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption.' * * * The rule, therefore, explicitly requires the clerk to serve the complaint upon all listed defendants immediately and without delay, and gives the clerk no discretion to suspend that service. Although Civ.R. 4(A) further allows the plaintiff to request additional or separate summons at any time against any defendant, that allowance in no way affects the original duty of the clerk to serve the complaint immediately. Even apart from the admonition in Civ.R. 1(B) that the rules should be interpreted and applied in a manner to ensure expeditious litigation, the plain language of the rule requires prompt and immediate service." (Internal citations omitted.) Id., at ¶ 13. *Page 8 
Pursuant to Justice O'Connor's concurrence, "requesting suspension of service" might well constitute a violation of the Ohio Rules of Professional Conduct "because [the attorney] would be knowingly encouraging action that is `unwarranted under existing law.'" Id., at ¶ 15.
 {¶ 14} Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "EVEN IF O.R.C. § 2305.17 CONTINUES TO HAVE ANY APPLICATION DESPITE THE CONFLICTING PROVISIONS OF CIVIL RULE 3(A), THE TRIAL COURT ERRED IN APPLYING THE PROVISIONS OF THAT STATUTE IN FINDING THAT [APPELLANT'S] CIVIL ACTION WAS NOT `COMMENCED' IN A TIMELY MANNER."
 {¶ 15} In light of our disposition of Appellant's first assignment of error, we need not address his second assignment of error as it is rendered moot.
 III. {¶ 16} Appellant's first assignment of error is sustained. Appellant's second assignment of error is rendered moot. The judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 9 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
SLABY, P. J., DICKINSON, J. CONCUR
[1] Justice O'Connor referenced DR 7-102(A)(2), which provided that "[i]n his representation of a client, a lawyer shall not [k]nowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law." (Emphasis added.) The Supreme Court of Ohio adopted the Ohio Rules of Professional Conduct, effective February 1, 2007. These rules supersede and replace the Ohio Code of Professional Responsibility to govern the conduct of Ohio lawyers occurring on or after February 1, 2007. *Page 1