McGee Brown, J.,
dissenting.
{¶ 38} The Modern Courts Amendment to the Ohio Constitution gives the Supreme Court of Ohio exclusive authority over standards for practice and procedure in Ohio courts. Ohio Constitution, Article IV, Section 5(B). The constitutional provision also prohibits the General Assembly from enacting laws that conflict with our court rules.
{¶ 39} The statute before us, R.C. 2315.21(B), clearly conflicts with the rule we have established, Civ.R. 42(B), which governs motions for bifurcation. Contrary to the express command of Article IV, Section 5(B), however, the majority concludes that the General Assembly may override our rule in this context. This conclusion represents a sharp turn in our jurisprudence, and it dangerously unsettles the balance of power struck by the Modern Courts Amendment. Therefore, I must respectfully dissent.
{¶ 40} In the past, we have carefully guarded our rule-making authority against legislative attempts to influence courtroom practice and procedure. For example, we have overruled legislative attempts to undermine our rules with respect to the consolidation of claims, Dir. of Highways v. Kleines, 38 Ohio St.2d 317, 320, 313 N.E.2d 370 (1974) (holding that “the management of cases lies within the discretion of the court”); pleading requirements, Rockey v. 84 Lumber Co., 66 Ohio St.3d 221, 225, 611 N.E.2d 789 (1993) (concluding that Civ.R. 8(A) prevails over R.C. 2309.01 with respect to pleading requirements because the court’s rules “must control over subsequently enacted inconsistent statutes purporting to govern procedural matters”); the joinder and separation of claims, Alexander v. Buckeye Pipe Line Co., 49 Ohio St.2d 158, 159-160, 359 N.E.2d 702 (1977) (“Questions involving the joinder and separation of claims and the timing of appeals are matters of practice and procedure within the rule-making authority of this court * * * ”). R.C. 2315.21(B) is no different. While purporting to create “fairness” in the trial of tort cases, the General Assembly has usurped the court’s authority by mandating how cases should be tried.
{¶ 41} Our precedent in this area is clear and well reasoned. We have followed the express language of the Modern Courts Amendment by invalidating statutes *247 that override our rules governing procedural issues in Ohio courts. The hallmark of such unconstitutional statutes is that they purport to influence the mechanics of the courtroom or “ ‘the machinery for carrying on [a] suit.’ ” Norfolk S. Ry. Co. v. Bogle, 115 Ohio St.3d 455, 2007-Ohio-5248, 875 N.E.2d 919, ¶ 16, quoting Jones v. Erie RR. Co., 106 Ohio St. 408, 412, 140 N.E. 366 (1922). However, we have held that Article IV, Section 5(B) does not limit the General Assembly’s authority to affect substantive rights, “ ‘which give rise to a cause of action.’ ” Id., quoting Jones at 412. See, e.g., State ex rel. Loyd v. Lovelady, 108 Ohio St.3d 86, 2006-Ohio-161, 840 N.E.2d 1062.
{¶ 42} The majority largely sidesteps our precedent regarding the substantive/procedural dichotomy. Instead, it defers to the General Assembly’s purported intention that R.C. 2315.21(B) relates to a substantive right. Setting aside the problematic nature of the majority’s conclusion — which it divines from a compilation of uncodified “findings and statements” rather than any express statutory language — the Ohio Constitution does not entitle the General Assembly to predetermine the constitutionality of its laws.
{¶ 43} We look to legislative intent to clarify ambiguous statutory language, but this statute is not ambiguous. We should not resort to legislative intent to determine that a statute is constitutional simply because the General Assembly intended it to be so. Only the courts may rule on a statute’s constitutionality.
{¶ 44} To the extent that the majority undertakes an analysis of R.C. 2315.21(B), it apparently concludes that the statute creates a substantive right for defendants to limit the introduction of evidence of misconduct when juries consider compensatory damages. However, the conduct and control of trials are procedural, not substantive. Trial judges are in the best position to determine how a trial should proceed and to limit or prevent the introduction of prejudicial evidence. Civ.R. 42 provides this authority.
{¶ 45} Moreover, the uncodified commentary on which the majority relies hardly marks the creation of a right. Am.Sub.S.B. No. 80, Section 3(A)(6)(f) suggests, “[D]efendants should have the right to request bifurcation of a trial to ensure that evidence of misconduct is not inappropriately considered by the jury * * *.” 150 Ohio Laws, Part V, 7915, 8028. But defendants, like plaintiffs, have long enjoyed that right under Civ.R. 42(B).
{¶46} Bifurcation is a classic courtroom procedural issue. A motion for bifurcation involves a question of how best to manage the competing interests of efficiency and prejudice in the courtroom, and we have determined that judges are best situated to answer that question. See Civ.R. 42(B). Indeed, in some cases, judges may find bifurcation wasteful or unfair, and our rule recognizes the discretion of judges to manage their cases with an eye toward those practical and important considerations.
*248 The Dickson Firm, L.L.C., and Blake A. Dickson, for appellee.
Bonezzi, Switzer, Murphy, Polito & Hupp Co., L.P.A., Bret C. Perry, Stephen J. Hupp, and Donald J. Richardson, for appellants.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, and Laura Eddleman Heim, Deputy Solicitor, urging reversal on behalf of amicus curiae state of Ohio.
Davis & Young and Richard M. Garner, urging reversal on behalf of amicus curiae Ohio Association of Civil Trial Attorneys.
Bricker & Eckler, L.L.P., Anne Marie Sferra, and Bridget Purdue Riddell, urging reversal on behalf of amici curiae Ohio Alliance for Civil Justice, Ohio Hospital Association, and Physician Insurers Association of America.
Law Offices of John C. Camillus, L.L.C., and John C. Camillus, urging affirmance on behalf of amicus curiae Ohio Association for Justice.
{¶ 47} The conflict here is undeniable: whereas Civ.R. 42(B) gives discretion over bifurcation motions to judges, R.C. 2315.21(B) takes that discretion away and allows parties to demand bifurcation, even if the judge determines that bifurcation will not serve the efficiency or fairness of the proceedings.
{¶ 48} Like the statutes we previously invalidated in this context, R.C. 2315.21(B) purports to control not the underlying right or duty giving rise to the cause of action, but rather the court’s procedure in handling the cause of action. R.C. 2315.21(B) is clearly distinguishable from the General Assembly’s actions to define underlying rights, such as its recent amendments to criminal sentencing laws.[1] The statute is not about a substantive right; it is about court procedure.
{¶ 49} The Ohio Constitution vests this court with responsibility to superintend Ohio’s courts. I would follow our jurisprudence and hold that trial courts, not the legislators, are best situated to determine when bifurcation is appropriate. In so holding, we would protect the independence of Ohio’s judiciary and its rightful authority to determine how trials should proceed.
{¶ 50} R.C. 2315.21(B) is a procedural law mandating how judges should conduct their trials, and it clearly conflicts with Civ.R. 42(B). Therefore, pursuant to the Modern Courts Amendment of the Ohio Constitution, I would find the statute unconstitutional. I respectfully dissent.
Pfeifer, J., concurs in the foregoing dissenting opinion.

. See 2011 Am.Sub.H.B. No. 86 (effective September 30, 2011) (broadly expanding judicial discretion over criminal sentencing).