**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0363n.06

**No. 16-3416**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 30, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TODD WEBSTER, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| Plaintiff-Appellant, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| v. | ) | |
| | ) | |
| GREGORY SPEARS, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before: MOORE and CLAY, Circuit Judges; HOOD, District Judge.[*]

**HOOD**, District Judge. Plaintiff-Appellant Todd Webster ("Webster" or "Plaintiff") appeals the decision of the district court dismissing this action on the grounds that it was barred by the applicable statute of limitations and could not be "saved" by Ohio Rev. Code § 2309.19 because he had failed to "commence" or "attempt to commence" an earlier version of the case in a timely fashion. For the reasons stated below, we **REVERSE** the decision of the district court.

I.

On June 1, 2013, the very day that the statute of limitations for his claim expired, Plaintiff filed an action ("initial action") seeking relief under 42 U.S.C. § 1983, alleging the use of excessive force, in the United States District Court for the Northern District of Ohio. *See*

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*Webster v. Spears*, 1:13-cv-1218 (N.D. Ohio).  Defendant was a corrections officer, formerly employed by the Department of Youth Services, and he proved elusive.  Webster's counsel conducted internet searches, searched publically available databases including records of court documents and public records, only to find that there were many individuals named "Gregory Spears" or "Greg Spears" in Ohio.  Still within the 120-day window for service of process under Fed. R. Civ. P. 4(m), Plaintiff's counsel discovered a possible address for Defendant and sought an extension of time on September 26, 2013.  He hired a process server to attempt personal service at that address.  With the motion for an extension of time still pending, counsel caused summons to be issued on October 17, 2013, and delivered the summons and a copy of the complaint to the process server on October 18, 2013, in order that the process server might attempt service on Defendant at two locations where Spears might have been living or have recently resided.

On November 15, 2013, the district court in the initial action granted the motion and provided Plaintiff with an extension of time to serve Defendant through November 13, 2013. Plaintiff's counsel did not hear from the process server until December 2, 2013, when the process server informed counsel that Defendant had not been served because the addresses provided for service were vacant but that he, the process server, was attempting to verify with the owners of the properties whether Plaintiff had lived at either address and whether, if so, he had left a forwarding address.  On December 2, 2013, counsel again sought an extension of time to locate and serve spears.  On December 4, 2013, the Court granted the motion, providing Plaintiff an additional sixty days to locate and complete service on Defendant.

Plaintiff found no further information on Defendant's whereabouts and, on February 12, 2014, sought an additional 60 days to locate and serve Defendant and to conduct early discovery

directed to the Ohio Bureau of Motor Vehicles' ("BMV") and the Department of Youth Services' ("DYS") knowledge of Defendant's last known address. On March 18, 2014, the Court granted Plaintiff leave to conduct limited early discovery with respect to the DYS, but not the BMV, and extended the time for service of defendant through April 14, 2014. Plaintiff caused a subpoena to issue on March 20, 2014, which was served on DYS on March 21, 2014. DYS moved to quash the subpoena on March 31, 2014. Plaintiff responded to the motion to quash on April 11, 2014, objecting to the motion but expressing his willingness to modify his subpoena in keeping with protective order terms proposed by DYS in its motion to quash. The district court granted the motion to quash on April 23, 2014, but provided Defendant with an additional 14 days, through May 7, 2014, to serve Defendant.

Meanwhile, Plaintiff had hired a private investigator to attempt to locate Defendant during the litigation of the motion to quash filed by DYS. The investigator learned from the then current resident at one of the addresses which the process server had earlier described as vacant that Defendant had lived at the address but had moved out in November 2013. The investigator made two service attempts at another possible residence for Defendant. At that address, the investigator learned from the then-current residents that a local church pastor might know Defendant's whereabouts. The pastor confirmed to the investigator that Defendant had moved about a month prior but that he had no forwarding address. Ultimately, for all of his efforts, Plaintiff was unable to serve Defendant with summons and his complaint in his initial action by the district court's deadline of May 7, 2014, and the district court dismissed the initial action on May 9, 2014.

However, he filed a second suit, *Webster v. Spears*, Case No. 3:15-cv-907 (N.D. Ohio), on May 8, 2015, making the same allegations against Defendant Spears, one year after the

3

dismissal of his initial action. He claims that he did so timely, citing the Ohio savings statute, O.R.C. § 2305.19. However, the district court dismissed Plaintiff's action, finding that Plaintiff's claim was time barred because he had failed to commence or attempt to commence his first action by attempting service within the statute of limitations and that, thus, the Ohio savings statute did not apply. This appeal followed, and we have jurisdiction to consider the appeal pursuant to 28 U.S.C. § 1291.

II.

A district court's decision to grant a motion to dismiss is reviewed de novo. *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002). We review evidentiary decisions for an abuse of discretion and will reverse only if the district court relied on clearly erroneous findings of fact, improperly applied the law, or employed an erroneous legal standard. *Fambrough v. Wal-Mart Stores, Inc.*, 611 Fed. App'x 322, 325 (6th Cir. 2015) (citing *Griffin v. Finkbeiner*, 689 F.3d 584, 592 (6th Cir. 2012)). "'Further, we are not confined to the grounds relied on by the district court in affirming the court's dismissal; rather, we may affirm the district court's dismissal of [the plaintiff's] claims on any grounds....'" *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 652 (6th Cir. 2014) (quoting *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir. 2007)).

III.

Plaintiff raises claims pursuant to 42 U.S.C. § 1983. In the absence of a federal statute of limitations period for an action under § 1983, we look to the applicable state law where the injury allegedly occurred to determine the statute of limitations for personal injury. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Owens v. Akure*, 488 U.S. 235, 239–40 (1989); *LRL Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1104 (6th Cir. 1995) (applying Ohio's two-year

statute of limitations for bodily injury to § 1983 action); Ohio Rev. Code § 2305.10 . Where, as in this case, a court "use[s] a state's Statute of Limitations, [it] also use[s] its procedural rules affecting that Statute of Limitations[,]" including any savings statute. *Coleman v. Dep't of Rehab. & Corr.*, 46 F. App'x 765, 769 (6th Cir. 2002). Ohio's savings statute provides that "[i]n any action that is commenced or attempted to be commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." Ohio Rev. Code § 2305.19(A). For the purposes of § 2305.19(A), "[a] civil action is *commenced* by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant . . ." Ohio Civil Rule 3(A) (emphasis added).

In the case before us, there is no dispute that Plaintiff's initial action was filed within the applicable statute of limitations nor is there any dispute that it failed "otherwise than upon the merits." Nor is there any dispute that, if the savings statute applies, this action was timely filed within its one year provision. The sole dispute is whether Plaintiff made an "attempt to commence" his original action within the meaning of Ohio's rules and its court decisions interpreting them such that the savings statute applies. Plaintiff argues that the district court erred in dismissing his suit, because he made adequate efforts to serve Defendant with the summons and the complaint even though he failed to actually serve Defendant prior to the dismissal of the action and may avail himself of the protections of the savings statute. Defendant argues, not that the district court's decision was correctly reasoned, but that it should be affirmed because *Coleman* teaches that a plaintiff cannot invoke the savings statute if his action was dismissed due to his failure to follow the correct procedures and that, in this instance, the

dismissal of the initial action was the result of Plaintiff's own, repeated neglect of his obligations during litigation.

We observe first that the district court erroneously reasoned and concluded that, although Plaintiff made several efforts to locate and serve Defendant in the initial action, none of those efforts were sufficient to trigger the savings statute because he did not undertake any of those efforts within the limitations period for his claim, which expired on the day that he filed the initial action. The Ohio Supreme Court has made clear that a plaintiff has no obligation to initiate service of process within the statute of limitations in order to timely "commence" and action, and has established that the meaning of "commence" is governed by Ohio Civ. R. 3(A), not by Ohio Rev. Code § 2305.17. *Seger v. For Women Inc.*, 110 Ohio St. 3d 451, 453 (Ohio 2006). Thus, one may commence one's case in compliance with Rule 3(A) even if process does not issue within the limitations period because Civ. R. 3(A) does not require a praecipe or request for a summons to be filed within the limitations period. *Id.* Rather than measuring whether service has occurred prior to the expiration of the statute of limitations, we should look to see whether service has been accomplished within a year of the filing of the complaint for a case to be "commenced." *See* Civ. R. 3(A).

Next, we consider whether Plaintiff may avail himself of the protection afforded by the savings statute because he "attempted commencement" of the initial suit when he undertook efforts to serve the summons and his complaint on the defendant prior to the district court's decision to dismiss his initial action. There is a "low standard" for "attempted commencement" as noted in *Coleman*: "any overt act in pursuance of the litigation[.]" *Coleman*, 46 F.3d App'x at 771. There is no dispute that Plaintiff "fil[ed] a complaint with the court." *See* Ohio Civ. R. 3(A). Nor is there any dispute that Plaintiff sought issuance of summons and attempted to serve

6

the summons and the Complaint with the assistance of a process server in October 2013, then proceeded to hire a private investigator, and pursue discovery of Defendant's whereabouts from his former employer in 2014, all within a year of filing suit. While counsel might always be more aggressive or act more diligently, the efforts undertaken by Plaintiff which ultimately failed to result in service are distinct from those which "failed . . . to reach any minimal standard" for "attempt to commence" in *Coleman*, 46 F. App'x at 771 (holding that a single effort to serve a named defendant, who the plaintiff had not yet bothered to serve, with interrogatories to learn the identity of John Does was not enough to qualify as an attempt to commence a matter under Ohio R. Civ. P. 3(A)).

It is not necessarily meaningful, as Defendant urges, that Plaintiff repeatedly failed to meet the deadlines for service set by the Court, even making its motions for extension of time after the expiration of the various deadlines. *Schneider v. Steinbrunner*, upon which Defendant relies, holds that, even where plaintiff might have made a better effort to obtain service upon a given defendant, the Ohio savings statute "does not impose a due diligence requirement upon its attempted commencement alternative. Neither does it require a plaintiff whose efforts at service are unsuccessful to show good cause why service was not made, as [Ohio] Civ. R. 4(E) does." No. 15257, 1995 WL 737480, at *3–4 (Ohio Ct. App. Nov. 8, 1995). The Ohio Court of Appeals continued, explaining that "[a]ll it does require is a showing that the plaintiff, after filing a complaint, has taken some action provided by the Civil Rules to obtain service on the defendant. That may be done by showing that a valid request for service pursuant to Civ. R. 4.1 was filed with the clerk, as Plaintiffs did [in *Schneider*]." *Id*. Plaintiff took similar action, in this case, twice requesting issuance of a summons and making efforts to serve the defendant personally at a variety of suspected addresses with the assistance of a process server and a private investigator

7

as well as attempting to engage in discovery concerning the defendant's whereabouts, only to have its efforts quashed by the district court.

Nor is the case sufficiently like *Mustric v. Penn Traffic Corp.*, No. 00AP-277, 2000 WL 1264526 at *5 (Ohio Ct. App. Sept. 7, 2000), upon which Defendant also relies. The Ohio Court of Appeals determined that the savings statute, § 2305.19, was inapplicable in that matter because the plaintiff-appellant attempted to commence the action using service pursuant to certified mail service, an improper method under Ohio Civ. R. 15(D). There is no dispute that personal service of Defendant was an acceptable method of service by which to commence or attempt to commence this action under either the federal or state rules of civil procedure. *See* Fed. R. Civ. P. 4(c), (e); Ohio Civ. R. 4.1(B).

In the initial action, for whatever reason, the district court decided to grant Plaintiff repeated continuances during which time, with an aching slowness, Plaintiff engaged in efforts to personally serve Defendant, which is a permissible form of service. The effort may not have been perfect and the district court might have dismissed the case outright at any point when Plaintiff routinely failed to request additional extensions before each successive deadline had expired. Nonetheless, district courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Anthony v. BTR Auto. Sealing. Sys., Inc.*, 339 F.3d 506, 516 (6th Cir. 2003). Thus, it was within the district court's wheelhouse not to dismiss the initial case along the way, managing its own docket and declining to dismiss the suit repeatedly, even though the district court might have done so.

We conclude that the district court employed an erroneous legal standard when it required Plaintiff to have attempted service in his initial action before the expiration of the statute of limitations. We further conclude that, because Plaintiff made adequate overt acts in his

attempt to commence his initial action, the district court could not have concluded, as Defendant urges, that the savings statute did not apply. Applying Ohio Rev. Code § 2305.19, Plaintiff's action is "saved" from being untimely, and dismissal was inappropriate. We **REVERSE** the decision of the district court and **REMAND** this matter to the district court for further proceedings.