[Cite as *Goines v. Bowers*, 2020-Ohio-5161.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CARLA GOINES, | : | APPEAL NO. C-190397 |
| | | TRIAL NO. P05-3106 Z |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| CARL BOWERS, | : | |
| | | |
| Defendant-Appellant. | : | |

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 4, 2020

*Carla Goines*, pro se,

*Carl Bowers,* pro se.

**CROUSE, Judge.**

{¶1} Defendant-appellant Carl Bowers appeals from the juvenile court's modification of a child-support order. For the reasons set forth below, we affirm the trial court's judgment.

{¶2} On August 7, 2008, the juvenile court entered a child-support order against Bowers through a default judgment. The order determined that Bowers was the father of the child, and required him to pay $251.89 per month in child support plus $50.38 per month in arrearages. On October 5, 2018, Bowers filed a "Motion to Establish Paternity." The motion requested genetic testing to determine the paternity of the child and asked for arrearages to be "reviewed by a judge." Although Bowers later abandoned his request for genetic testing, the magistrate nonetheless considered a modification of child support. On April 15, 2019, the magistrate modified the support order to $80 per month plus $10 per month in arrearages. Bowers objected, requesting the total amount of arrearages to be retroactively calculated under the new support obligations. The juvenile court denied the objections and approved the magistrate's decision. Bowers subsequently filed this appeal.

{¶3} In his sole assignment of error, Bowers contends that the juvenile court erred in ordering the full sum of arrearages.

{¶4} Notwithstanding the time constraints of Civ.R. 60(B), a person may file a motion for relief from any court order determining that the person is the father of a child or from a child-support order under which the person is the obligor. R.C. 3119.961(A); *State ex rel. Loyd v. Lovelady*, 108 Ohio St.3d 86, 2006-Ohio-161, 840 N.E.2d 1062 (determining that R.C. Chapter 3119 is constitutional). If a genetic test finds that there is a zero percent probability that the person is the father of the child,

then the juvenile court may cancel any arrearages owed. R.C. 3119.964(B). However, if the person willfully fails to submit himself to genetic testing, then the juvenile court must "issue an order determining the motion for relief against the party failing to submit * * * to the genetic testing." R.C. 3119.963(B).

{¶5} On October 5, 2018, Bowers filed a "Motion to Establish Paternity," which can be properly characterized as a motion for relief under R.C. 3119.961(A). On December 18, 2018, the magistrate continued the matter, in part, to allow Bowers an opportunity to arrange and pay for genetic testing. By February 2019, Bowers had abandoned his request for genetic testing. Because Bowers willfully failed to submit to genetic testing, the magistrate had no grounds to cancel arrearages.

{¶6} Although Bowers failed to submit to genetic testing as required by R.C. 3119.963, the magistrate nonetheless considered a modification of child support. Following a hearing, the magistrate modified the original support order to the statutory minimum support of $80 per month plus $10 per month in arrearages. *See* R.C. 3119.06(A). The juvenile court adopted the magistrate's decision.

{¶7} Bowers now requests a retroactive modification of arrearages based on his present support obligations, as opposed to his original support obligations. Bowers asserts that the original calculation of arrearages was based on falsified income documents submitted by Goines.

{¶8} Generally, due and unpaid child-support payments may not be modified. *McPherson v. McPherson*, 153 Ohio St. 82, 90 N.E.2d 675 (1950); R.C. 3119.83. This court has recognized an exception where "special circumstances" are demonstrated. *Torbeck v. Torbeck*, 1st Dist. Hamilton No. C-010022, 2001 WL 1251219, *3 (Sept. 28, 2001). "Special circumstances" include instances of fraud or wrongdoing, such as when an obligor conceals income or fails to report income

3

changes. *See, e.g., Torbeck* at *3 (obligor submitted a child-support-calculation worksheet that contained a gross misstatement of his income, and he failed to notify the juvenile court of increases in his income); *In re J.S.*, 2d Dist. Montgomery No. 24597, 2012-Ohio-421 (obligor failed to notify the child-support agency of his employment change as required by the child-support order); *Osborne v. Osborne*, 81 Ohio App.3d 666, 611 N.E.2d 1003 (4th Dist.1992) (obligor misrepresented his gross income at the time of dissolution).

{¶9}   In this case, the record does not demonstrate any fraud or wrongdoing. The complaint listed Bowers's employment as "unknown" and did not provide estimated wages or income.  A review of the child-support order does not indicate that the juvenile court relied on any additional evidence from Goines in calculating Bowers's support obligations.   In fact, Goines failed to appear at the default-judgment proceedings, and therefore, could not have made any additional representations to the court regarding Bowers's income.  Because Bowers cannot show proof of fraud or wrongdoing, the juvenile court had no authority to retroactively modify his arrearages.  Accordingly, Bowers's sole assignment of error is overruled, and the judgment of the juvenile court is affirmed.

Judgment affirmed.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.